UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WAUSAU UNDERWRITERS INSURANCE     Hon. Judge Marrero
COMPANY and AXIS SPECIALTY INSURANCE
                                  06 CV 3212

                    Plaintiff,    Defendant Demands
        -against-                 Trial by Jury

QBE INSURANCE CORPORATION and
SCOTTSDALE INSURANCE COMPANY,
                                  VERIFIED ANSWER
                    Defendants.
------------------------------------------------------------------x

Defendant, QBE INSURANCE CORPORATION, by its attorneys, WILSON, BAVE, CONBOY, COZZA & COUZENS, P.C., as and for its answer to the plaintiffs' complaint, alleges as follows:

### ANSWERING JURISDICTION AND VENUE

FIRST:   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "1", "2", "3", "4", "6", "8", "9" and "10" of the plaintiffs' complaint.

### ANSWERING SUBSTANTIVE ALLEGATIONS

SECOND:   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21","22", "23", "24", "25", "26", "27", "28", "29", "32", "33", "34", "35", "36", "37", "38", "39", "40", "42", "45", "46", "47", "48" and "49" of the plaintiffs' complaint.

THIRD: Denies upon information and belief each and every allegation contained in paragraphs "43" and "44" of the plaintiffs' complaint.

### ANSWERING A FIRST CLAIM FOR RELIEF
(Against QBE – For Declaratory Judgment)

FOURTH: As to paragraph designated "50" of the plaintiffs' complaint, this answering defendant repeats and reiterates each and every denial contained in paragraphs FIRST through THIRD of this answer with the same force and effect as if set forth more fully at length herein.

FIFTH: Denies upon information and belief each and every allegation contained in paragraphs "52", "53" and "54" of the plaintiffs' complain.

SIXTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "55" and "56" of the plaintiffs' complaint.

### ANSWERING A SECOND CLAIM FOR RELIEF
(Against Scottsdale – For Declaratory Judgment)

SEVENTH: As to paragraph designated "57" of the plaintiffs' complaint, this answering defendant repeats each and every denial contained in paragraphs FIRST through SIXTH of this answer with the same force and effect as if set forth more fully at length herein.

EIGHTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "58", "59", "60", "61", "62" and "63" of the plaintiffs' complaint.

## ANSWERING A THIRD CLAIM FOR RELIEF
### (Against QBE – For Recovery of Co-Insurance)

NINTH: As to paragraph designated "64" of the plaintiffs' complaint, this answering defendant repeats each and every denial contained in paragraphs FIRST through EIGHTH of this answer with the same force and effect as if set forth more fully at length herein.

TENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "65", "66" and "67" of the plaintiffs' complaint.

ELEVENTH: Denies upon information and belief each and every allegation contained in paragraphs "68" and "69" of the plaintiffs' complaint.

## ANSWERING A FOURTH CLAIM FOR RELIEF
### (Against Scottsdale – For Recovery of Co-Insurance)

TWELFTH: As to paragraph designated "70" of the plaintiffs' complaint, this answering defendant repeats each and every denial contained in paragraphs FIRST through ELEVENTH of this answer with the same force and effect as if set forth more fully at length herein.

THIRTEENTH: Denies knowledge or information sufficient to form a relief as to each and every allegation contained in paragraphs "71", "72, "73", "74" and "75" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FOURTEENTH: The obligations of QBE to plaintiffs, if any, are defined and limited by the terms of Policy #HBG 00208-03, including the coverage parts defined therein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTEENTH: QBE's obligations under the policy are limited by the language of the additional insured endorsement of the policy.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTEENTH: The incident which is the subject matter of the underlying action was not caused by nor did it arise out of the Kel Tech's work.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTEENTH: Plaintiffs' claims are barred or reduced by the "other insurance" clauses contained in Policy #HBG 00208-03.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTEENTH: Policy #HBG 00208-03 does not provide coverage for any and all obligations, including defense and indemnification that the named insured may have contracted or agreed to provide.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

NINETEENTH: Plaintiffs and their insured failed to provide notice of the claim or suit as soon as practicable.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTIETH:  The insurance giving rise to the underlying action arose from the work of Skansha.

### AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:  Defendant's insured did not supervise or control the work or the area where the accident allegedly occurred.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:  Defendant's insured was not working in the area on the date the accident allegedly occurred.

:

### AS AND FOR A CROSS COMPLAINT AGAINST THE DEFENDANT(S), SCOTTSDALE INSURANCE COMPANY, AND AS A BASIS FOR AN AFFIRMATIVE DEFENSE, THE DEFENDANT(S), QBE INSURANCE CORPORATION RESPECTFULLY ALLEGES:

TWENTY-THIRD:  If the plaintiff(s) were caused to sustain damages at the time and place set forth in plaintiff(s) complaint through any negligence, carelessness, recklessness and/or breach of warranty other than the plaintiff(s) own carelessness, recklessness and negligence, said damages were sustained by reason of the carelessness, recklessness and negligence and/or acts of omission or commission and/or breach of warranty and/or breach of contract by defendant(s) SCOTTSDALE INSURANCE COMPANY, its agents, servants and/or employees, and if any judgment is recovered herein by the plaintiff against defendant(s) QBE INSURANCE CORPORATION, they will be damaged thereby, and defendant(s) SCOTTSDALE INSURANCE COMPANY, is or will be responsible therefore in whole or in part.

                                  White Plains, NY   10601
                                  (914) 686-9010

TO:    MARSHALL T. POTASHNER (MTP-3552)
        JAFFE & ASHER, LLP
        Attorneys for Plaintiffs
        WAUSAU UNDERWRITERS INSURANCE COMPANY
        and AXIS SPECIALTY INSURANCE COMPANY
        600 Third Avenue, 9th Floor
        New York, New York  10016
        (212) 687-3000

TWENTY-FOURTH: By reason of the foregoing, defendant(s) SCOTTSDALE INSURANCE COMPANY, will be liable to defendant, QBE INSURANCE CORPORATION, in the event and in the full amount of a recovery herein by plaintiff(s) or alternatively, for that proportion thereof caused by the relative responsibility of defendant(s) SCOTTSDALE INSURANCE COMPANY, and defendant(s) SCOTTSDALE INSURANCE COMPANY is bound to pay any and all expenses and attorneys fees and the costs and disbursements thereof.

WHEREFORE, defendant(s) QBE INSURANCE CORPORATION demands judgment dismissing the complaint herein as to this answering defendant(s), with costs and disbursements, and further demands that the ultimate rights of defendant(s) SCOTTSDALE INSURANCE COMPANY and QBE INSURANCE CORPORATION, amongst themselves be determined in this action and that defendant(s) QBE INSURANCE CORPORATION have judgment over and against the defendant(s) SCOTTSDALE INSURANCE COMPANY, for all or, alternatively, that portion of any verdict or judgment which may be obtained by plaintiff against defendant(s) QBE INSURANCE CORPORATION, to the extent that the responsibility of defendant(s) SCOTTSDALE INSURANCE COMPANY contributed thereto, together with the costs and disbursements of this action.

Dated: White Plains, New York
       May 16, 2006

_____
WILLIAM H. BAVE, JR. (0349)
WILSON, BAVE, CONBOY, COZZA &
COUZENS, P.C.
Attorneys for Defendant(s)
QBE INSURANCE CORPORATION
Two William Street

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WAUSAU UNDERWRITERS INSURANCE      Hon. Judge Marrero
COMPANY and AXIS SPECIALTY INSURANCE

                                          06 CV 3212

                               Plaintiff,         Defendant Demands
        -against-                              Trial by Jury

QBE INSURANCE CORPORATION and         NOTICE FOR
SCOTTSDALE INSURANCE COMPANY,          DISCOVERY &
                                                           INSPECTION
                               Defendants.
------------------------------------------------------------------x

S I R S :

       PLEASE TAKE NOTICE, that pursuant to FRCP 26(a)(1), the defendant, QBE INSURANCE CORPORATION, hereby seeks the following:

       1. Copies of all reports, memoranda, letters or other correspondence received by the plaintiff concerning the incident involving John Moore vs. New York City Economic Development Corp., et al & New York City Economic Development Corp., et al vs. Arena Construction Co., Inc..

       2. Copy of the insurance policy or policies that plaintiff claims applies to the underlying action.

       3. Copy of any and all correspondence between plaintiff and defendant with reference to the allegations in plaintiff's complaint.

       4. Copies of all pleadings, including but not limited to the summons, complaint and answers from the underlying action.

       5. All Demands for Bill of Particulars

       6. All Bills of Particulars

       7. All Interrogatories

       8. All Answers to Interrogatories

9. All Notices for Examinations Before Trial

10. Copies of any and all notices of discovery and inspections and responses thereto.

11. Names and addresses of any and all witnesses to: (a) the occurrence alleged in the complaint; (b) any act, omissions or condition which caused the occurrence alleged in the complaint; (c) any actual notice allegedly given to defendant; (d) the nature and duration of any condition which it will be claimed caused the occurrence alleged in the complaint; (e) any fact on any of the liability issues in this case.

12. Each and every statement made or taken from each party represented by the undersigned, or the agents, servants or employees of said party, now in your possession, custody or control, or in the possession, custody or control of any party you represent in this action, if such statement in any manner bears on the issues in this action.

13. If no such witnesses are known, or no such statement is in your possession, custody or control, please so state in the reply to this demand.

14. All photographs under the control of said plaintiff(s) and/or defendant(s), or the attorneys or representatives of the plaintiff(s) and/or defendant(s), showing the condition of the place of the accident as it existed following the accident alleged herein.

Copies of the above may be served upon the office of the undersigned within twenty (20) days after the service hereof.

The foregoing demands are continuing, and if any of the above items or information are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to this notice.

PLEASE TAKE FURTHER NOTICE, that failure to comply with said demands within twenty (20) days from the date herein will result in a motion for appropriate relief.

Dated: White Plains, New York
      May 16, 2006

*[signature]*
WILLIAM H. BAVE, JR. (0349)
WILSON, BAVE, CONBOY, COZZA &
COUZENS, P.C.
Attorneys for Defendant(s)
QBE INSURANCE CORPORATION
Two William Street
White Plains, NY  10601
(914) 686-9010

TO:   MARSHALL T. POTASHNER (MTP-3552)
       JAFFE & ASHER, LLP
       Attorneys for Plaintiffs
       WAUSAU UNDERWRITERS INSURANCE COMPANY
       and AXIS SPECIALTY INSURANCE COMPANY
       600 Third Avenue, 9th Floor
       New York, New York  10016
       (212) 687-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
WAUSAU UNDERWRITERS INSURANCE           Hon. Judge Marrero
COMPANY and AXIS SPECIALTY INSURANCE

                                                                          06 CV 3212

                                 Plaintiff,         Defendant Demands
      -against-                                  Trial by Jury

QBE INSURANCE CORPORATION and
SCOTTSDALE INSURANCE COMPANY,

                                 Defendants.
-------------------------------------------------------------------x

## NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION

S I R S :

PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules the testimony, upon oral examination, of Plaintiff and all adverse parties will be taken before a Notary Public, who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at a mutually agreeable convenient location with respect to evidence material and necessary in the prosecution defense of this action.

      That said person to be examined is required to produce at such examination, all the relevant facts and circumstances in connection with the subject of this lawsuit, including all information concerning the alleged damages.

Dated: White Plains, New York
       May 16, 2006

                                                      */s/ William H. Bave*
                                        WILLIAM H. BAVE, JR. (0349)
                                        WILSON, BAVE, CONBOY, COZZA &
                                        COUZENS, P.C.
                                        Attorneys for Defendant(s)
                                        QBE INSURANCE CORPORATION
                                        Two William Street
                                        White Plains, NY  10601
                                        (914) 686-9010

TO:    MARSHALL T. POTASHNER (MTP-3552)
         JAFFE & ASHER, LLP
         Attorneys for Plaintiffs
         WAUSAU UNDERWRITERS INSURANCE COMPANY
         and AXIS SPECIALTY INSURANCE COMPANY
         600 Third Avenue, 9th Floor
         New York, New York  10016
         (212) 687-3000