**JAFFE & ASHER** LLP

ATTORNEYS AT LAW

PLEASE REPLY TO NEW YORK OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
(212) 687-9639 (FAX)

ESTABLISHED 1974

NEW JERSEY OFFICE

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6074 (FAX)

July 20, 2006

**VIA ECF**

Hon. Victor Marrero
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: **Wausau Underwriters Ins. Co. et al. v. QBE Ins. Corp., et al.
Civil Action No. 06 Civ. 3212 (VM)**

Dear Judge Marrero:

The parties jointly submit this letter pursuant to the Notice of Initial Conference, dated June 30, 2006.

## DESCRIPTION OF CASE

All of the parties to this lawsuit are insurance companies. The instant lawsuit seeks a declaration of the insurers' respective rights and obligations with respect to the defense and indemnity of the New York City Economic Development Corp. ("NYC EDC") and Barney Skanska Construction Co. ("Skanska") in an underlying action entitled John Moore v. New York City Economic Development Corp., New York City Department of Transportation, Barney Skanska Construction Company, Kel Tech Construction Inc., Index No. 13658/04, which is pending in the Supreme Court of the State of New York, County of Richmond (the "Underlying Action").

Plaintiff AXIS SPECIALTY INSURANCE COMPANY ("AXIS") is providing a defense to NYC EDC and Skanska for the Underlying Action. Plaintiff WAUSAU UNDERWRITERS INSURANCE COMPANY ("Wausau") also insures NYC EDC and Skanska for the Underlying Action.

John Moore ("Moore") commenced the Underlying Action against NYC EDC, New York City Department of Transportation ("NYC DOT"), Skanska, and Kel-Tech Constructions, Inc. ("Kel-Tech") on or about December 17, 2004. Moore alleges that he was injured at the St. George Ferry Terminal jobsite, in Richmond County, New York, on September 16, 2004.

Skanska was the Construction Manager for the job. Owen Steel Company, Inc. ("Owen Steel") was a steel subcontractor for the Project. AJ McNulty & Co. ("McNulty"), Moore's employer, was a subcontractor of Owen Steel, and responsible for steel erection. Kel-Tech was a masonry subcontractor for NYC EDC. There was another masonry subcontractor, Arena Construction Co., Inc. ("Arena"). Wausau and AXIS contend that Kel-Tech owned the scaffold from which Moore fell, and built the block wall which gave way, causing the fall. Wausau and AXIS contend that Arena demolished a portion of the wall before the accident.

Pursuant to its contract with the NYC EDC, Kel-Tech agreed to obtain a liability insurance policy, which policy was to include NYC EDC and Skanska as additional insureds. Kel-Tech complied with its contractual obligations by obtaining coverage from defendant QBE INSURANCE CORPORATION ("QBE").

The NYC EDC had also entered into a contract with Arena, pursuant to which Arena agreed to provide masonry work for the Project. The contract between the NYC EDC and Arena required Arena to maintain liability insurance coverage, which insurance coverage was to include Skanska and the NYC EDU as additional insureds. Arena complied with its insurance obligations for the Project by obtaining a liability insurance policy from defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale").

Wausau and AXIS contend that Skanska and the NYC EDU are additional insureds under the policy issued by QBE to Kel-Tech and under the policy issued by Scottsdale to Arena for claims alleged in the Underlying Action. Wausau and AXIS further contend that the coverage afforded by both QBE and Scottsdale is primary to the coverage afforded by both Wausau and AXIS.

QBE does not dispute that it issued a Commercial General Liability policy (No. HBG00208-3) to Kel-Tech, which was in effect on September 16, 2004, the date of Moore's alleged accident. QBE contends that it disclaimed coverage to Skanska and NYC EDU on two grounds. First, QBE contends it was not notified as soon as practicable of the occurrence. Second, QBE contends that the accident did not arise from Kel-Tech's work and, thus, Skanska and NYC EDU are not additional insureds for this claim. QBE asserts that the evidence will demonstrate that Kel-Tech had not worked on the area where the alleged accident occurred for almost two months prior to its occurrence. QBE further

Hon. Victor Marrero
Page 3
July 20, 2006

contends that it will be established that Skanska and/or NYC EDU either performed work or directed other contractors to perform work at the location which created the conditions leading to the occurrence.

Scottsdale denies that this loss triggers "additional insured" coverage under its policy. The incident did not take place at a covered loss location. Moreover, Scottsdale contends that any liability attributable to NYC EDC or Skanska did not arise out of the work or operation of Arena. Even if NYC EDC or Skanska qualified as additional insureds under the Scottsdale policy issued to Arena, NYC EDC and Skanska failed to satisfy certain conditions to the policy which negates any coverage that may have otherwise been available. Scottsdale also submits that the carrier for the employer of the injured employee owes primary additional insured coverage rather than the carrier for another subcontractor at the jobsite.

## CONTEMPLATED MOTIONS

Wausau and AXIS intend to seek to move for summary judgment after document discovery is completed. QBE intends to move for summary judgment upon completion of pretrial discovery. Scottsdale intends to move for summary judgment after mandatory disclosures are completed.

## PROSPECT FOR SETTLEMENT

There is no prospect for settlement.

Please note that the parties do not consent to proceed for all purposes before the Magistrate Judge.

                                     Respectfully submitted,

                                     Jaffe & Asher, LLP
                                     Counsel for Plaintiffs

                               By_____
                                   Marshall T. Potashner, Esq. (MTP-3552)

Hon. Victor Marrero
Page 4
July 20, 2006

                         Wilson, Bave, Conboy, Cozza & Couzens, P.C.
                         Counsel for Defendant
                         QBE INSURANCE COMPANY


By_____
     William H. Bave, Jr. (WHB-0349)

Kral, Clerkin, Redmond, Ryan, Perry
& Girvan, LLP
Counsel for Defendant
SCOTTSDALE INSURANCE COMPANY


By_____
     Leonard Porcelli, Esq. (LP-5998)

Hon. Victor Marrero
Page 4
July 20, 2006

                Wilson, Bave, Conboy, Cozza & Couzens, P.C.
                Counsel for Defendant
                QBE INSURANCE COMPANY

                By _____
                     William H. Bave, Jr. (WHB-0349)

                Kral, Clerkin, Redmond, Ryan, Perry
                & Girvan, LLP
                Counsel for Defendant
                SCOTTSDALE INSURANCE COMPANY

                By _____
                     Leonard Porcelli, Esq. (LP-5998)

Hon. Victor Marrero
Page 4
July 20, 2006

                        Wilson, Bave, Conboy, Cozza & Couzens, P.C.
                        Counsel for Defendant
                        QBE INSURANCE COMPANY

                        By_____
                            William H. Bave, Jr. (WHB-0349)

                        Kral, Clerkin, Redmond, Ryan, Perry
                        & Girvan, LLP
                        Counsel for Defendant
                        SCOTTSDALE INSURANCE COMPANY

                        By_____
                            Leonard Porcelli, Esq. (LP-5998)