USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-22-06

# JAFFE & ASHER LLP
### ATTORNEYS AT LAW

ESTABLISHED 1974

PLEASE REPLY TO NEW YORK OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
(212) 687-9639 (FAX)

NEW JERSEY OFFICE

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6074 (FAX)

August 16, 2006

Hon. Victor Marrero
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: Wausau Underwriters Ins. Co. et al. v. QBE Ins. Corp., et al.
Civil Action No. 06 Civ. 3212 (VM)**

Dear Judge Marrero:

Our firm represents plaintiffs in the above-mentioned action. We submit this letter in support of an application for a pre-motion conference in anticipation of moving for partial summary judgment on the duty to defend against defendant QBE Insurance Corporation ("QBE").

The instant lawsuit seeks a declaration of the insurers' respective rights and obligations with respect to the defense and indemnity of the New York City Economic Development Corp. ("NYC EDC") and Barney Skanska Construction Co. ("Skanska") in an underlying action entitled John Moore v. New York City Economic Development Corp., New York City Department of Transportation, Barney Skanska Construction Company, Kel Tech Construction Inc., Index No. 13658/04, which is pending in the Supreme Court of the State of New York, County of Richmond (the "Underlying Action"). John Moore ("Moore") commenced the Underlying Action against, among others, NYC EDC, Skanska, and Kel-Tech Constructions, Inc. ("Kel-Tech"). Moore alleges that he was injured at the St. George Ferry Terminal jobsite, in Richmond County, New York, on September 16, 2004. The Verified Complaint alleges negligence on behalf of all defendants as the cause of the accident.

Pursuant to its contract with NYC EDC, Kel-Tech obtained a liability insurance policy from QBE. Pursuant to endorsement to the QBE policy, NYC EDC and Skanska are additional insureds, "but only with respect to liability arising out of 'your work' for that Insured by or for you." QBE does not dispute the existence of the policy or endorsement. It denies coverage based upon the argument that the accident did not

Hon. Victor Marrero
August 16, 2006
Page 2

arise from Kel-Tech's work.

   Based upon the allegations of the Verified Complaint, as Kel-Tech is a direct defendant, there can be no doubt that QBE owes NYC EDC and Skanska a duty to defend. Moore's complaint alleges that his injuries were caused by the negligence of, among other defendants, Kel-Tech, QBE's Named Insured. Thus, there exists a reasonable possibility that the Underlying Action will result in a judgment against Skanska and NYC EDC within the scope of coverage under QBE's policy. This reasonable possibility gives rise to a duty to defend. The recent decision of BP Air Conditioning Corp. v. One Beacon Ins. Group, 2006 WL 1843350 (N.Y.A.D. 1st Dep't July 6, 2006), is directly on point and a copy of which is enclosed herewith.

              Respectfully submitted,

              Marshall T. Potashner, Esq. (MTP-3552)

MTP:mp
enc
Cc: William H. Bave, Jr. (w/enc)
   Leonard Porcelli, Esq. (w/enc)

Request GRANTED. The next status conference herein is scheduled for 8-31-06 at 11:00 a.m. to address the matter set forth above by plaintiffs.
SO ORDERED.

8-21-06
DATE  VICTOR MARRERO, U.S.D.J.