UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WAUSAU UNDERWRITERS INSURANCE
COMPANY and AXIS SPECIALTY INSURANCE

                                        Plaintiff,

-against-

QBE INSURANCE CORPORATION and
SCOTTSDALE INSURANCE COMPANY,

                                        Defendants.
-----------------------------------------------------------------x

Hon. Judge Marrero

06 CV 3212

Defendant Demands
Trial by Jury

**VERIFIED ANSWER**

ECF-VM

      Defendant, QBE INSURANCE CORPORATION, by its attorneys, WILSON, BAVE, CONBOY, COZZA & COUZENS, P.C., as and for its answer to the plaintiffs' complaint, alleges as follows:

### ANSWERING JURISDICTION AND VENUE

      FIRST:    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "1", "2", "3", "4", "6", "8", "9" and "10" of the plaintiffs' complaint.

### ANSWERING SUBSTANTIVE ALLEGATIONS

SECOND:    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21","22", "23", "24", "25", "26", "27", "28", "29", "32", "33", "34", "35", "36", "37", "38", "39", "40", "42", "45", "46", "47", "48" and "49" of the plaintiffs' complaint.

      THIRD:    Denies upon information and belief each and every allegation contained in paragraphs "43" and "44" of the plaintiffs' complaint.

### ANSWERING A FIRST CLAIM FOR RELIEF
(Against QBE – For Declaratory Judgment)

FOURTH: As to paragraph designated "50" of the plaintiffs' complaint, this answering defendant repeats and reiterates each and every denial contained in paragraphs FIRST through THIRD of this answer with the same force and effect as if set forth more fully at length herein.

FIFTH: Denies upon information and belief each and every allegation contained in paragraphs "52", "53" and "54" of the plaintiffs' complain.

SIXTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "55" and "56" of the plaintiffs' complaint.

### ANSWERING A SECOND CLAIM FOR RELIEF
(Against Scottsdale – For Declaratory Judgment)

SEVENTH: As to paragraph designated "57" of the plaintiffs' complaint, this answering defendant repeats each and every denial contained in paragraphs FIRST through SIXTH of this answer with the same force and effect as if set forth more fully at length herein.

EIGHTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "58", "59", "60", "61", "62" and "63" of the plaintiffs' complaint.

### ANSWERING A THIRD CLAIM FOR RELIEF
(Against QBE – For Recovery of Co-Insurance)

NINTH: As to paragraph designated "64" of the plaintiffs' complaint, this answering defendant repeats each and every denial contained in paragraphs FIRST

through EIGHTH of this answer with the same force and effect as if set forth more fully at length herein.

TENTH:    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "65", "66" and "67" of the plaintiffs' complaint.

ELEVENTH:    Denies upon information and belief each and every allegation contained in paragraphs "68" and "69" of the plaintiffs' complaint.

## ANSWERING A FOURTH CLAIM FOR RELIEF
### (Against Scottsdale – For Recovery of Co-Insurance)

TWELFTH:    As to paragraph designated "70" of the plaintiffs' complaint, this answering defendant repeats each and every denial contained in paragraphs FIRST through ELEVENTH of this answer with the same force and effect as if set forth more fully at length herein.

THIRTEENTH:    Denies knowledge or information sufficient to form a relief as to each and every allegation contained in paragraphs "71", "72, "73", "74" and "75" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FOURTEENTH:    The obligations of QBE to plaintiffs, if any, are defined and limited by the terms of Policy #HBG 00208-03, including the coverage parts defined therein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTEENTH: QBE's obligations under the policy are limited by the language of the additional insured endorsement of the policy.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTEENTH: The incident which is the subject matter of the underlying action was not caused by nor did it arise out of the Kel Tech's work.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTEENTH:   Plaintiffs' claims are barred or reduced by the "other insurance" clauses contained in Policy #HBG 00208-03.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTEENTH:   Policy #HBG 00208-03 does not provide coverage for any and all obligations, including defense and indemnification that the named insured may have contracted or agreed to provide.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

NINETEENTH:   Plaintiffs and their insured failed to provide notice of the claim or suit as soon as practicable.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTIETH:   The insurance giving rise to the underlying action arose from the work of Skansha.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:   Defendant's insured did not supervise or control the work or the area where the accident allegedly occurred.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: Defendant's insured was not working in the area on the date the accident allegedly occurred.

:

### AS AND FOR A CROSS COMPLAINT AGAINST THE DEFENDANT(S), SCOTTSDALE INSURANCE COMPANY, AND AS A BASIS FOR AN AFFIRMATIVE DEFENSE, THE DEFENDANT(S), QBE INSURANCE CORPORATION RESPECTFULLY ALLEGES:

TWENTY-THIRD: If the plaintiff(s) were caused to sustain damages at the time and place set forth in plaintiff(s) complaint through any negligence, carelessness, recklessness and/or breach of warranty other than the plaintiff(s) own carelessness, recklessness and negligence, said damages were sustained by reason of the carelessness, recklessness and negligence and/or acts of omission or commission and/or breach of warranty and/or breach of contract by defendant(s) SCOTTSDALE INSURANCE COMPANY, its agents, servants and/or employees, and if any judgment is recovered herein by the plaintiff against defendant(s) QBE INSURANCE CORPORATION, they will be damaged thereby, and defendant(s) SCOTTSDALE INSURANCE COMPANY, is or will be responsible therefore in whole or in part.

TWENTY-FOURTH: By reason of the foregoing, defendant(s) SCOTTSDALE INSURANCE COMPANY, will be liable to defendant, QBE INSURANCE CORPORATION, in the event and in the full amount of a recovery herein by plaintiff(s) or alternatively, for that proportion thereof caused by the relative responsibility of defendant(s) SCOTTSDALE INSURANCE COMPANY, and defendant(s)

SCOTTSDALE INSURANCE COMPANY is bound to pay any and all expenses and attorneys fees and the costs and disbursements thereof.

WHEREFORE, defendant(s) QBE INSURANCE CORPORATION demands judgment dismissing the complaint herein as to this answering defendant(s), with costs and disbursements, and further demands that the ultimate rights of defendant(s) SCOTTSDALE INSURANCE COMPANY and QBE INSURANCE CORPORATION, amongst themselves be determined in this action and that defendant(s) QBE INSURANCE CORPORATION have judgment over and against the defendant(s) SCOTTSDALE INSURANCE COMPANY, for all or, alternatively, that portion of any verdict or judgment which may be obtained by plaintiff against defendant(s) QBE INSURANCE CORPORATION, to the extent that the responsibility of defendant(s) SCOTTSDALE INSURANCE COMPANY contributed thereto, together with the costs and disbursements of this action.

Dated: White Plains, New York
       May 16, 2006

_____
WILLIAM H. BAVE, JR. (0349)
WILSON, BAVE, CONBOY, COZZA &
COUZENS, P.C.
Attorneys for Defendant(s)
QBE INSURANCE CORPORATION
Two William Street
White Plains, NY   10601
(914) 686-9010

TO:   MARSHALL T. POTASHNER (MTP-3552)
      JAFFE & ASHER, LLP
      Attorneys for Plaintiffs
      WAUSAU UNDERWRITERS INSURANCE COMPANY
      and AXIS SPECIALTY INSURANCE COMPANY
      600 Third Avenue, 9th Floor
      New York, New York 10016
      (212) 687-3000

{F:\DOCS\RJG\ANSWERS\W0030017.DOC}