UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

WAUSAU UNDERWRITERS INSURANCE
COMPANY and AXIS SPECIALTY INSURANCE      Index No. 06 CV 3212 (VM)
COMPANY,

                    Plaintiffs,

    -against-                             **AFFIDAVIT IN SUPPORT
                                          OF MOTION FOR PARTIAL
QBE INSURANCE CORPORATION and             SUMMARY JUDGMENT**
SCOTTSDALE INSURANCE COMPANY,

                    Defendants.
-------------------------------------------------------------------x
STATE OF NEW YORK      )
                       )ss.
COUNTY OF NEW YORK     )

        **MARSHALL T. POTASHNER**, being duly sworn, deposes and says:

        1.      I am a member of the law firm of JAFFE & ASHER LLP, attorneys

for plaintiffs WAUSAU UNDERWRITERS INSURANCE COMPANY and AXIS

SPECIALTY INSURANCE COMPANY; as such, I am fully familiar with the facts and

circumstances set forth herein.

        2.      I submit this affidavit in support of plaintiffs' motion for an Order,

pursuant to Fed. R. Civ. P. 56, granting partial summary judgment on the first claim for

relief in the Complaint, determining and declaring that defendant QBE INSURANCE

CORPORATION ("QBE") is required to provide a defense to Barney Skanska

Construction Co. ("Skanska") and the New York City Economic Development Corp. (the

"NYC EDC") for the action entitled John Moore v. New York City Economic

Development Corp., New York City Department of Transportation, Barney Skanska

<u>Construction Company, Kel Tech Construction Inc.</u>, Index No. 13658/04, which is pending in the Supreme Court of the State of New York, County of Richmond (the "Underlying Action"), and determining and declaring that coverage under plaintiffs' policies is excess over the coverage afforded under the QBE policy.

3.    On or about April 26, 2006, plaintiffs commenced the above-captioned action by the filing of a Summons and Complaint with this Court. The Complaint alleges four claims for relief. The first claim for relief seeks a declaratory judgment concerning QBE's obligations owed to Skanska and the NYC EDC for the Underlying Action, and the third claim for relief seeks monetary damages for QBE's breach of its duty to defend. The second claim for relief seeks a declaratory judgment concerning defendant SCOTTSDALE INSURANCE COMPANY's ("Scottsdale") obligations owed to Skanska and the NYC EDC for the Underlying Action, and the fourth claim for relief seeks monetary damages for Scottsdale's breach of its duty to defend. A copy of the Complaint is annexed hereto as Exhibit "10".

4.    This instant motion seeks summary judgment only on the first claim for relief.

5.    On or about May 16, 2006, QBE served an answer to the Complaint. In said answer, QBE admitted the following allegations of the Complaint:

7.    Upon information and belief, at all times hereinafter mentioned, QBE was, and still is, an insurance company duly authorized to conduct business within the State of New York.

* * *

2

30.    Upon information and belief, the policy number for the aforementioned policy issued by QBE to Kel-Tech is No. HBG 00208-3, which policy has a policy period from November 16, 2003 to November 16, 2004 (the "QBE Policy").

31.    Upon information and belief, the QBE Policy has each occurrence limits of $1 million and general aggregate limits of $2 million.

*  *  *

41.    By letter dated December 28, 2004, QBE disclaimed coverage for Skanska and the NYC EDC for the claims alleged in the Underlying Action.

*  *  *

51.    Although duly requested, QBE has failed and refused to defend and indemnify Skanska and the NYC EDC for the claims alleged in the Underlying Action.

A copy of said answer is annexed hereto as Exhibit "11".

6.    In its answer, QBE does not raise Skanska's alleged failure to provide notice of the "occurrence" as an affirmative defense.  This is a difference between the failure to provide a "notice of the claim or suit", which QBE raised as an affirmative defense in its answer but did not raise in its disclaimer, and notice of "occurrence", which QBE raised in its disclaimer but did not raise in its answer.  (See Exhibit "11".)

7.    By Civil Case Management Plan and Scheduling Order dated July 27, 2006, this Court directed that any "[i]nitial requests for production of documents to be served by August 25, 2006" and that "[i]nterrogatories to be served by all party [sic.] by September 25, 2006."  A copy of said Order is annexed hereto as Exhibit "12".

8.    Except for discovery served with its answer, in violation of Fed. R. Civ. P. 26(d), and thus a nullity, QBE has not served any requests for discovery herein.

9.    There is no outstanding discovery due and owing to QBE, and the issues raised by this motion are issues of law ripe for adjudication.

**WHEREFORE**, this Court should grant plaintiffs' motion for partial summary judgment in all respects.

**MARSHALL T. POTASHNER**

Sworn to before me this
18 day of October, 2006

Notary Public

GREGORY E. GALTERIO
Notary Public, State of New York
No. 02GA6081468
Qualified in New York County
Commission Expires 10-07-10

4

# EXHIBIT 10

JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

06 CV 3212

WAUSAU UNDERWRITERS INSURANCE
COMPANY and AXIS SPECIALTY INSURANCE
COMPANY,

                        Plaintiffs,

    -against-

QBE INSURANCE CORPORATION and
SCOTTSDALE INSURANCE COMPANY,

                        Defendants.

-------------------------------------------------------------------x

**COMPLAINT**



RECEIVED
APR 26 2006
U.S.D.C. S.. N.Y.
CASHIERS

**M A D A M/S I R S:**

      Plaintiffs WAUSAU UNDERWRITERS INSURANCE COMPANY

("Wausau") and AXIS SPECIALTY INSURANCE COMPANY ("AXIS"), by their

attorneys, JAFFE & ASHER LLP, as and for their complaint against defendants QBE

INSURANCE CORPORATION ("QBE") and SCOTTSDALE INSURANCE COMPANY

("Scottsdale"), allege as follows:

### JURISDICTION AND VENUE

      1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §

1332(a) by reason of the diversity of citizenship of the parties and the fact that the

amounts in controversy exceed the sum of $75,000 exclusive of costs.  This is an action

for a declaration of rights under certain insurance policies and for monetary damages based

reimbursement due from a co-insurer.

1

2.      At all times hereinafter mentioned, Wausau was, and still is, a stock insurance company organized under the laws of the State of Wisconsin, with its principal place of business located at 2000 Westwood Drive, Wausau, Wisconsin.

3.      At all times hereinafter mentioned, Wausau was, and still is, an insurance company duly authorized to conduct business within the State of New York.

4.      At all times hereinafter mentioned, AXIS was, and still is, an insurance company organized under the laws of the State of Connecticut, with its principal place of business located at 628 Hebron Avenue, Glastonbury, Connecticut.

5.      At all times hereinafter mentioned, AXIS was, and still is, an eligible surplus lines insurer duly authorized to issue the policy of insurance to A. J. McNulty & Company ("McNulty"), as alleged herein.

6.      Upon information and belief, at all times hereinafter mentioned, QBE was, and still is, an insurance company organized under the laws of the State of Pennsylvania, with its principal place of business located at 88 Pine Street, New York, New York.

7.      Upon information and belief, at all times hereinafter mentioned, QBE was, and still is, an insurance company duly authorized to conduct business within the State of New York.

8.      Upon information and belief, at all times hereinafter mentioned, Scottsdale was, and still is, an insurance company organized under the laws of the State of Ohio, with its principal place of business located in Scottsdale, Arizona.

2

9.    Upon information and belief, at all times hereinafter mentioned, Scottsdale was, and still is, an insurance company duly authorized to conduct business within the State of New York.

10.    Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391.

## SUBSTANTIVE ALLEGATIONS

11.    On or about December 17, 2004, John Moore ("Moore") commenced a lawsuit entitled John Moore v. New York City Economic Development Corp., New York City Department of Transportation, Barney Skanska Construction Company, Kel Tech Construction Inc., Index No. 13658/04, in the Supreme Court of the State of New York, County of Richmond (the "Underlying Action").

12.    In the Underlying Action, Moore seeks damages from each of the defendants for injuries he allegedly sustained, on or about September 16, 2004, as a result of having fallen through an uncovered shaft at the St. George Ferry Terminal jobsite in Richmond County, New York.

13.    Upon information and belief, Moore seeks recovery of damages in excess of $6 million against each of the defendants, jointly and severally, in the Underlying Action.

14.    Moore alleges that, on September 16, 2004, he was working on the St. George Ferry Terminal Project (the "Project") as an employee of McNulty.

15.    Upon information and belief, Barney Skanska Construction Co. ("Skanska") was the Construction Manager for the Project.

16.    Upon information and belief, Owen Steel Company, Inc. ("Owen Steel") was a steel subcontractor for the Project.

17.    Upon information and belief, McNulty was a subcontractor of Owen Steel.

18.    Upon information and belief, Kel-Tech Constructions, Inc. ("Kel-Tech") was a masonry sub-contractor working on the Project.

19.    Upon information and belief, Arena Construction Company, Inc. ("Arena") was a masonry sub-contractor working on the Project.

20.    Owen Steel entered into a contract, as a subcontractor, with the New York City Economic Development Corp. (the "NYC EDC"), on or about August 28, 2002, to provide steel and certain steel work for the Project.

21.    Owen Steel entered into a Subcontract Agreement, on or about March 12, 2001, with McNulty to provide steel erection services for the Project.

22.    Upon information and belief, the NYC EDC entered into a contract with Shroid Construction Inc. ("Shroid"), dated January 7, 2003, by which Shroid had agreed to provide masonry work for the Project.

23.    Upon information and belief, Shroid filed a voluntary petition under Chapter 11 of the Bankruptcy Code, on December 30, 2003.

24.    Upon information and belief, the original agreement between the NYC EDC and Shroid required Shroid to maintain a minimum of $3 million per occurrence, $6 million aggregate, Commercial General Liability insurance coverage, and $10 million Excess Umbrella Liability coverage, and which insurance coverage was to include Skanska and the NYC EDU as additional insureds.

25.    Upon information and belief, upon filing its voluntary petition under Chapter 11, Shroid discontinued participation in the Project.

26.    Upon information and belief, by Takeover Agreement, dated June 22, 2004, Kel-Tech agreed to complete the masonry work that was to have been completed by Shroid for the Project.

27.    Upon information and belief, Kel-Tech further agreed, pursuant to the Takeover Agreement, to obtain the insurance required under the original contract between the NYC EDC and Shroid.

28.    Upon information and belief, Kel-Tech agreed to include Skanska and the NYC EDC as additional insureds on Kel-Tech's liability insurance policy.

29.    Upon information and belief, Kel-Tech complied with its insurance obligations for the Project by obtaining a liability insurance policy from QBE, which policy includes Skanska and the NYC EDC as additional insureds.

30.    Upon information and belief, the policy number for the aforementioned policy issued by QBE to Kel-Tech is No. HBG 00208-3, which policy has a policy period from November 16, 2003 to November 16, 2004 (the "QBE Policy").

31.    Upon information and belief, the QBE Policy has each occurrence limits of $1 million and general aggregate limits of $2 million.

32.    Upon information and belief, the NYC EDC entered into a contract with Arena, pursuant to which Arena agreed to provide masonry work for the Project.

33.    Upon information and belief, the contract between the NYC EDC and Arena required Arena to maintain minimum liability insurance coverage, which insurance coverage was to include Skanska and the NYC EDU as additional insureds.

34.    Upon information and belief, Arena complied with its insurance obligations for the Project by obtaining a liability insurance policy from Scottsdale, which policy includes Skanska and the NYC EDC as additional insureds.

35.    Upon information and belief, the policy number for the aforementioned policy issued by Scottsdale to Arena is No. BCS0008003 (the "Scottsdale Policy").

36.    Wausau issued Commercial General Liability policy, No. TZJ-Y91-433317-044, to Owen Steel, as the first Named Insured, with a policy period from February 12, 2004, to February 12, 2005 (the "Wausau Policy").

37.    Pursuant to the terms of the Wausau Policy, Skanska and the NYC EDC are additional insureds for the claims alleged in the Underlying Action.

38.    AXIS issued Commercial General Liability policy, No. ACP704610, to McNulty as the Named Insured, with a policy period from October 30, 2003 to October 30, 2004 (the "AXIS Policy").

39.   Pursuant to the terms of the AXIS Policy, Skanska and the NYC EDC are additional insureds for the claims alleged in the Underlying Action.

40.   On or about December 13, 2004, on behalf of Skanska and the NYC EDC and as co-insurer, Wausau tendered the defense and indemnity of Skanska and the NYC EDC for the Underlying Action to QBE.

41.   By letter dated December 28, 2004, QBE disclaimed coverage for Skanska and the NYC EDC for the claims alleged in the Underlying Action.

42.   QBE disclaimed coverage to Skanska based upon alleged late notice, and additionally disclaimed coverage for both Skanska and the NYC EDC because the claim purportedly "did not arise out of Kel Tech's negligence or work."

43.   Upon information and belief, QBE's disclaimer's is improper and unsustainable.

44.   Upon information and belief, QBE owed and owes Skanska and the NYC EDC a primary duty to defend and indemnify for the claims alleged in the Underlying Action.

45.   On or about January 14, 2005, on behalf of Skanska and the NYC EDC and as co-insurer, Wausau tendered the defense and indemnity of Skanska and the NYC EDC for the Underlying Action to Scottsdale.

46.   By letter dated January 21, 2005, Scottsdale acknowledged receipt of the tender of Skanska's and the NYC EDC's defense and indemnity for the claims alleged in the Underlying Action and requested more information.

47.    By letter dated January 28, 2005, Wausau responded to Scottsdale's request for more information and provided the information requested.

48.    Scottsdale has not provided a further response to the tender of Skanska's and the NYC EDC's defense and indemnity for the claims alleged in the Underlying Action.

49.    Upon information and belief, Scottsdale owed and owes Skanska and the NYC EDC a primary duty to defend and indemnify for the claims alleged in the Underlying Action.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Against QBE - For Declaratory Judgment)

50.    Plaintiffs repeat, reallege, and reiterate each and every allegation contained in paragraphs "1" though "49" of this Complaint as if more fully set forth herein.

51.    Although duly requested, QBE has failed and refused to defend and indemnify Skanska and the NYC EDC for the claims alleged in the Underlying Action.

52.    Upon information and belief, the QBE Policy provides primary liability insurance coverage to Skanska and the NYC EDC for the claims alleged in the Underlying Action, and the Wausau Policy and the AXIS Policy provides coverage excess of that provided by the QBE Policy.

53.    Upon information and belief, QBE waived and/or is estopped from asserting application of some or all of the policy conditions and exclusions in the QBE Policy.

8

54.    As a result of QBE's breach of its coverage obligations, AXIS has been forced to drop down and provide a defense to Skanska and the NYC EDC for the claims alleged in the Underlying Action, and Wausau has agreed to provide coverage in excess of that afforded by the AXIS Policy.

55.    Wausau and AXIS seek a determination of their rights with respect to the QBE Policy, and they seek a declaratory judgment that QBE is required to provide a defense and indemnity to Skanska and the NYC EDC and that coverage under the AXIS Policy and the Wausau Policy is excess over the coverage afforded by QBE under the QBE Policy, for the Underlying Action.

56.    Wausau and AXIS have no adequate remedy at law.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Against Scottsdale - For Declaratory Judgment)

57.    Plaintiffs repeat, reallege, and reiterate each and every allegation contained in paragraphs "1" though "56" of this Complaint as if more fully set forth herein.

58.    Although duly requested, Scottsdale has failed and refused to defend and indemnify Skanska and the NYC EDC for the claims alleged in the Underlying Action.

59.    Upon information and belief, the Scottsdale Policy provides primary liability insurance coverage to Skanska and the NYC EDC for the claims alleged in the Underlying Action, and the Wausau Policy and the AXIS Policy provides coverage excess of that provided by the Scottsdale Policy.

60.    Upon information and belief, Scottsdale waived and/or is estopped from asserting application of some or all of the policy conditions and exclusions in the Scottsdale Policy.

61.    As a result of Scottsdale's breach of its coverage obligations, AXIS has been forced to drop down and provide a defense to Skanska and the NYC EDC for the claims alleged in the Underlying Action, and Wausau has agreed to provide coverage in excess of that afforded by the AXIS Policy.

62.    Wausau and AXIS seek a determination of their rights with respect to the Scottsdale Policy, and they seek a declaratory judgment that Scottsdale is required to provide a defense and indemnity to Skanska and the NYC EDC and that coverage under the AXIS Policy and the Wausau Policy is excess over the coverage afforded by Scottsdale under the Scottsdale Policy, for the Underlying Action.

63.    Wausau and AXIS have no adequate remedy at law.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (Against QBE - For Recovery of Co-Insurance)

64.    Plaintiffs repeat, reallege, and reiterate each and every allegation contained in paragraphs "1" though "63" of this Complaint as if more fully set forth herein.

65.    As a result of QBE's failure and refusal to acknowledge its duty to defend Skanska and the NYC EDC for the Underlying Action, AXIS and Wausau have been required to provide a defense for Skanska and the NYC EDC for the Underlying Action.

66.     As of April 1, 2006, AXIS has incurred and paid attorneys' fees and other costs in the sum of $12,876 in defending Skanska and the NYC EDC in the Underlying Action, and continues to incur costs to defend these insureds in the Underlying Action.

67.     Prior to AXIS assuming the defense of Skanska and the NYC EDC for the Underlying Action, Wausau incurred and paid attorneys' fees and other costs in the sum of $6,521 in defending Skanska and the NYC EDC in the Underlying Action, which amounts have not been reimbursed.

68.     As a result of the foregoing, AXIS is entitled to a money judgment against QBE in an amount equal to what it incurred to defend Skanska and the NYC EDC in the Underlying Action, which amount is to be determined by the Court, but in no instance should be less than $12,876, plus interest.

69.     As a result of the foregoing, Wausau is entitled to a money judgment against QBE in the amount of $6,521, plus interest.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (Against Scottsdale - For Recovery of Co-Insurance)

70.     Plaintiffs repeat, reallege, and reiterate each and every allegation contained in paragraphs "1" though "69" of this Complaint as if more fully set forth herein.

71.     As a result of Scottsdale's failure and refusal to acknowledge its duty to defend Skanska and the NYC EDC for the Underlying Action, AXIS and Wausau have

11

been required to provide a defense for Skanska and the NYC EDC for the Underlying Action.

72.    As of April 1, 2006, AXIS has incurred and paid attorneys' fees and other costs in the sum of $12,876 in defending Skanska and the NYC EDC in the Underlying Action, and continues to incur costs to defend these insureds in the Underlying Action.

73.    Prior to AXIS assuming the defense of Skanska and the NYC EDC for the Underlying Action, Wausau incurred and paid attorneys' fees and other costs in the sum of $6,521 in defending Skanska and the NYC EDC in the Underlying Action, which amounts have not been reimbursed.

74.    As a result of the foregoing, AXIS is entitled to a money judgment against Scottsdale in an amount equal to what it incurred to defend Skanska and the NYC EDC in the Underlying Action, which amount is to be determined by the Court, but in no instance should be less than $12,876, plus interest.

75.    As a result of the foregoing, Wausau is entitled to a money judgment against Scottsdale in the amount of $6,521, plus interest.

**WHEREFORE**, plaintiffs WAUSAU UNDERWRITERS INSURANCE COMPANY and AXIS SPECIALTY INSURANCE COMPANY demand judgment as follows:

1.    On the first claim for relief, a declaratory judgment that QBE is required to provide a defense and indemnity to Skanska and the NYC EDC for the

12

Underlying Action and that coverage under the AXIS Policy and the Wausau Policy is excess over the coverage afforded by QBE under the QBE Policy;

2.    On the second claim for relief, a declaratory judgment that Scottsdale is required to provide a defense and indemnity to Skanska and the NYC EDC for the Underlying Action and that coverage under the AXIS Policy and the Wausau Policy is excess over the coverage afforded by Scottsdale under the Scottsdale Policy;

3.    On the third claim for relief, awarding a money judgment against defendant QBE INSURANCE CORPORATION and in favor of plaintiff AXIS SPECIALTY INSURANCE COMPANY in an amount to be determined by the Court, but in no instance should be less than $12,876, plus interest, and in favor of plaintiff WAUSAU UNDERWRITERS INSURANCE COMPANY in the sum of $6,521, plus interest;

4.    On the fourth claim for relief, awarding a money judgment against defendant SCOTTSDALE INSURANCE COMPANY and in favor of plaintiff AXIS SPECIALTY INSURANCE COMPANY in an amount to be determined by the Court, but in no instance should be less than $12,876, plus interest, and in favor of plaintiff WAUSAU UNDERWRITERS INSURANCE COMPANY in the sum of $6,521, plus interest; and

5.      Granting plaintiffs recovery of the costs and disbursements of this

action, together with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
         April 19, 2006

Yours, etc.,

JAFFE & ASHER LLP

By: _____
         Marshall T. Potashner (MTP-3552)
MPotashner@jaffeandasher.com
Attorneys for Plaintiffs
WAUSAU UNDERWRITERS
INSURANCE COMPANY and
AXIS SPECIALTY INSURANCE
COMPANY
600 Third Avenue, 9TH Floor
New York, New York 10016
(212) 687-3000

14

# EXHIBIT 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WAUSAU UNDERWRITERS INSURANCE          Hon. Judge Marrero
COMPANY and AXIS SPECIALTY INSURANCE

                                      06 CV 3212

                         Plaintiff,          Defendant Demands
       -against-          Trial by Jury

QBE INSURANCE CORPORATION and
SCOTTSDALE INSURANCE COMPANY,

                                  VERIFIED ANSWER
                        Defendants.
------------------------------------------------------------------x

Defendant, QBE INSURANCE CORPORATION, by its attorneys,

WILSON, BAVE, CONBOY, COZZA & COUZENS, P.C., as and for its answer

to the plaintiffs' complaint, alleges as follows:

### ANSWERING JURISDICTION AND VENUE

FIRST:    Denies knowledge or information sufficient to form a belief

as to each and every allegation contained in paragraphs "1", "2", "3", "4", "6",

"8", "9" and "10" of the plaintiffs' complaint.

### ANSWERING SUBSTANTIVE ALLEGATIONS

SECOND:   Denies knowledge or information sufficient to form a belief as to

each and every allegation contained in paragraphs "11", "12", "13", "14", "15",

"16", "17", "18", "19", "20", "21","22", "23", "24", "25", "26", "27", "28", "29",

"32", "33", "34", "35", "36", "37", "38", "39", "40", "42", "45", "46", "47", "48"

and "49" of the plaintiffs' complaint.

THIRD:    Denies upon information and belief each and every allegation contained in paragraphs "43" and "44" of the plaintiffs' complaint.

### ANSWERING A FIRST CLAIM FOR RELIEF
**(Against QBE – For Declaratory Judgment)**

FOURTH:    As to paragraph designated "50" of the plaintiffs' complaint, this answering defendant repeats and reiterates each and every denial contained in paragraphs FIRST through THIRD of this answer with the same force and effect as if set forth more fully at length herein.

FIFTH:    Denies upon information and belief each and every allegation contained in paragraphs "52", "53" and "54" of the plaintiffs' complain.

SIXTH:    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "55" and "56" of the plaintiffs' complaint.

### ANSWERING A SECOND CLAIM FOR RELIEF
**(Against Scottsdale – For Declaratory Judgment)**

SEVENTH:  As to paragraph designated "57" of the plaintiffs' complaint, this answering defendant repeats each and every denial contained in paragraphs FIRST through SIXTH of this answer with the same force and effect as if set forth more fully at length herein.

EIGHTH:    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "58", "59", "60", "61", "62" and "63" of the plaintiffs' complaint.

## ANSWERING A THIRD CLAIM FOR RELIEF
### (Against QBE – For Recovery of Co-Insurance)

NINTH:    As to paragraph designated "64" of the plaintiffs' complaint, this answering defendant repeats each and every denial contained in paragraphs FIRST through EIGHTH of this answer with the same force and effect as if set forth more fully at length herein.

TENTH:    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "65", "66" and "67" of the plaintiffs' complaint.

ELEVENTH:  Denies upon information and belief each and every allegation contained in paragraphs "68" and "69" of the plaintiffs' complaint.

## ANSWERING A FOURTH CLAIM FOR RELIEF
### (Against Scottsdale – For Recovery of Co-Insurance)

TWELFTH:  As to paragraph designated "70" of the plaintiffs' complaint, this answering defendant repeats each and every denial contained in paragraphs FIRST through ELEVENTH of this answer with the same force and effect as if set forth more fully at length herein.

THIRTEENTH:    Denies knowledge or information sufficient to form a relief as to each and every allegation contained in paragraphs "71", "72, "73", "74" and "75" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FOURTEENTH:    The obligations of QBE to plaintiffs, if any, are defined and limited by the terms of Policy #HBG 00208-03, including the coverage parts defined therein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTEENTH:       QBE's obligations under the policy are limited by the language of the additional insured endorsement of the policy.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTEENTH:       The incident which is the subject matter of the underlying action was not caused by nor did it arise out of the Kel Tech's work.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTEENTH:   Plaintiffs' claims are barred or reduced by the "other insurance" clauses contained in Policy #HBG 00208-03.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTEENTH:      Policy #HBG 00208-03 does not provide coverage for any and all obligations, including defense and indemnification that the named insured may have contracted or agreed to provide.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

NINETEENTH:      Plaintiffs and their insured failed to provide notice of the claim or suit as soon as practicable.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTIETH:        The insurance giving rise to the underlying action

arose from the work of Skansha.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:   Defendant's insured did not supervise or control the

work or the area where the accident allegedly occurred.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:        Defendant's insured was not working in the

area on the date the accident allegedly occurred.

                :

### AS AND FOR A CROSS COMPLAINT AGAINST THE DEFENDANT(S), SCOTTSDALE INSURANCE COMPANY, AND AS A BASIS FOR AN AFFIRMATIVE DEFENSE, THE DEFENDANT(S), QBE INSURANCE CORPORATION RESPECTFULLY ALLEGES:

TWENTY-THIRD:  If the plaintiff(s) were caused to sustain damages at the time

and place set forth in plaintiff(s) complaint through any negligence, carelessness,

recklessness and/or breach of warranty other than the plaintiff(s) own carelessness,

recklessness and negligence, said damages were sustained by reason of the carelessness,

recklessness and negligence and/or acts of omission or commission and/or breach of

warranty and/or breach of contract by defendant(s) SCOTTSDALE INSURANCE

COMPANY, its agents, servants and/or employees, and if any judgment is recovered

herein by the plaintiff against defendant(s) QBE INSURANCE CORPORATION, they

will be damaged thereby, and defendant(s) SCOTTSDALE INSURANCE COMPANY,

is or will be responsible therefore in whole or in part.

TWENTY-FOURTH:  By reason of the foregoing, defendant(s) SCOTTSDALE INSURANCE COMPANY, will be liable to defendant, QBE INSURANCE CORPORATION, in the event and in the full amount of a recovery herein by plaintiff(s) or alternatively, for that proportion thereof caused by the relative responsibility of defendant(s) SCOTTSDALE INSURANCE COMPANY, and defendant(s) SCOTTSDALE INSURANCE COMPANY is bound to pay any and all expenses and attorneys fees and the costs and disbursements thereof.

WHEREFORE, defendant(s)  QBE INSURANCE CORPORATION demands judgment dismissing the complaint herein as to this answering defendant(s), with costs and disbursements, and further demands that the ultimate rights of defendant(s) SCOTTSDALE INSURANCE COMPANY and QBE INSURANCE CORPORATION, amongst themselves be determined in this action and that defendant(s) QBE INSURANCE CORPORATION have judgment over and against the defendant(s) SCOTTSDALE INSURANCE COMPANY, for all or, alternatively, that portion of any verdict or judgment which may be obtained by plaintiff against defendant(s) QBE INSURANCE CORPORATION, to the extent that the responsibility of defendant(s) SCOTTSDALE INSURANCE COMPANY contributed thereto, together with the costs and disbursements of this action.

Dated: White Plains, New York
      May 16, 2006

                                                    WILLIAM H. BAVE, JR. (0349)
                                                    WILSON, BAVE, CONBOY, COZZA & COUZENS, P.C.
                                                    Attorneys for Defendant(s)
                                                    QBE INSURANCE CORPORATION
                                                      Two William Street

White Plains, NY   10601
(914) 686-9010

TO:   MARSHALL T. POTASHNER (MTP-3552)
      JAFFE & ASHER, LLP
      Attorneys for Plaintiffs
      WAUSAU UNDERWRITERS INSURANCE COMPANY
      and AXIS SPECIALTY INSURANCE COMPANY
      600 Third Avenue, 9th Floor
      New York, New York  10016
      (212) 687-3000

# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

*Nassau Underwriters Insurance Co.*
*and AXA Specialty Insurance Co.*

                                    Plaintiff(s),

            - against -

*QBE Insurance Corp, and*
*Scottsdale Insurance Company,*

                                    Defendant(s).

-------------------------------------------------------------X

06 Civ. 3212 (VM)

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-27-06

This Scheduling Order and Case Management Plan is adopted in accordance with Fed. R. Civ. P. 16-26(f).

1.   This case (is)(is not) to be tried to a jury: [circle one]

2.   Joinder of additional parties to be accomplished by *Sept. 30, 2006*

3.   Amended pleadings may be filed without leave of the Court until *Sept. 30, 2006.*

4.   Initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) to be completed within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f), specifically by not later than *Aug. 9, 2006*.

5.   All **fact** discovery is to be completed either:

   a.   Within one hundred twenty (120) days of the date of this Order, specifically by not later than *Nov. 27, 2006* ; or

   b.   Within a period exceeding 120 days, with the Court's approval, if the case presents unique complexities or other exceptional circumstances, specifically by not later than _____.

6.   The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

   a.   Initial requests for production of documents to be served by *August 25, 2006*

   b.   Interrogatories to be served by all party by *Sept. 25, 2006*

   c.   Depositions to be completed by *Nov. 27, 2006*

      i.    Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

      ii.   Depositions of all parties shall proceed during the same time.

      iii.  Unless the parties agree or the Court so orders, non-party depositions shall follow party depositions when possible.

   d.   Any additional contemplated discovery activities and the anticipated completion date:

   _____

e.   Requests to Admit to be served no later than ___Oct. 30, 2006___.

7.   All **expert** discovery (ordinarily conducted following the completion of fact discovery) including parties' expert reports and depositions, witness lists and identification of documents pursuant to Fed. R. Civ. P. 26(a)(2), (3) and 35(b), is to be completed by:

a.   Plaintiff ___N/A___

b.   Defendant ___N/A___

8.   Contemplated motions:

a.   Plaintiff: ___Summary Judgment___

b.   Defendant: ___Summary Judgment___

9.   Following all discovery, all counsel must meet for at least one hour to discuss settlement, such conference to be held by not later than ___December 15, 2006___.

10.  Do all parties consent to trial by a Magistrate Judge under 28 U.S.C. § 636(c)?

Yes _____          No ___X___

---

**TO BE COMPLETED BY THE COURT:**

11.  The next Case Management Conference is scheduled for ___12-7-06 at 4:15 P.M.___

In the event the case is to proceed to trial, a firm trial date and the deadline for submission of the Joint Pretrial Order and related documents shall be scheduled at the pretrial conference following either the completion of all discovery or the Court's ruling on any dispositive motion.

The Joint Pretrial Order should be prepared in accordance with Judge Marrero's Individual Practices. If this action is to be tried before a jury, proposed voir dire and jury instructions shall be filed with the Joint Pretrial Order. No motion for summary judgment shall be served after the deadline fixed for the Joint Pretrial Order.

**SO ORDERED:**

DATED:     New York, New York
           22 July 2006

                                        VICTOR MARRERO
                                        U.S.D.J

-2-