UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WAUSAU UNDERWRITERS INSURANCE              INDEX NO.: 06 CV 3212 (VM)
COMPANY and AXIS SPECIALTY INSURANCE
COMPANY,                                                    AFFIDAVIT
                                                           IN SUPPORT
                          Plaintiffs,                   OF CROSS-MOTION

     - against -

QBE INSURANCE COMPANY and
SCOTTSDALES INSURANCE COMPANY,                      ECF CASE

                          Defendants.
------------------------------------------------------------------X

   WILLIAM H. BAVE, JR. being duly sworn deposes and states:

   1.   I am a partner with the law firm of Wilson, Bave, Conboy, Cozza & Couzens, P.C. attorneys for Defendant, **QBE INSURANCE COMPANY ("QBE")** and am fully familiar with the facts of this case.

   2.   This affidavit is in support of **QBE'S** cross-motion for summary judgment and in opposition to Plaintiff's motion seeking a declaration that **QBE** provide a defense to Barney Skanska Construction Co. **("SKANSKA")** and New York Economic Development Corp. **("NYCEDC")** in the underlying action of <u>*John Moore v. New York City Economic Development Corp., New York City Department of Transportation, Barney Skanska Construction Co., and Kel-Tech Construction, Inc.*</u>, and a third-party action captioned <u>*New York City Economic Development Corp., New York City Department of Transportation, and Barney Skanska Construction Co. v. Arena Construction Co., Inc.*</u> pending in New York County State Supreme Court, Richmond County.

   3.   Plaintiff, **WAUSAU UNDERWRITERS INSURANCE COMPANY ("WAUSAU")** is the insurance carrier for Owen Steel Co., Inc. **("OWEN")** who was the steel contractor on the project. **OWEN** subcontracted the work to John Moore's employer, A.J.

McNulty *("McNULTY")* who was insured by Plaintiff, **AXIS SPECIALTY INSURANCE CO.** *("AXIS")*. Barney Skanska Construction Co. *("SKANSKA")* was the Construction Manager of the project. The insurance carrier for **SKANSKA** is not known by Defendant. The Defendant also does not possess a copy of the contract for **SKANSKA**. Despite seeking relief for **SKANSKA** in this motion, Plaintiff has not provided the insurance policy or contract so it could be determined the obligations of **SKANSKA** under its contract and the insurer under its policy for the underlying action.

4. Discovery other than automatic disclosure pursuant to Rule 26 has not been conducted. Attached as **EXHIBIT "A"** is Plaintiff's response to automatic disclosure. Rule 26(a)(1)D requires inspection and copying of "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."

5. The complaint in the underlying action alleges that **SKANSKA** was the Construction Manager for the project and as such assumed non-delegable duties under the Labor Law of the State of New York. Plaintiff in the underlying action alleges that he fell through an unguarded opening sustaining injuries. The Labor Law imposes a non-delegable duty on the Construction Manager to guard openings through which workers can fall.

6. **WAUSAU** and **AXIS** made a decision to defend and if necessary indemnify **NYCEDC** and **SKANSKA** since they are represented by the same law firm in the underlying action. (See appearances on deposition of John Moore, **EXHIBIT "B"**).

7. From the fact that **WAUSAU** and **AXIS** are Co-Defendants insuring different contractors represented by the same attorney it can be assumed that they have reached some accommodation between themselves as to payment of defense costs, indemnification and priority of coverage.

8. The attorneys for **NYCEDC** and **SKANSKA** commenced a third-party action against Arena Construction Co., Inc. The Plaintiffs in this action brought suit against Scottsdale Insurance Company, Arena's insurance carrier alleging that **NYCEDC** and **SKANSKA** are additional insureds on its policy. Arena provided masonry work on the project. Despite these allegations, Plaintiff's motion is not directed at Scottsdale but only **QBE**.

9. **QBE** insured **KEL-TECH**, a masonry contractor that entered into a take over agreement with **NYCEDC**. As stated in the affidavit of its project manager it was not working in the area where the Plaintiff in the underlying action claims (John Moore) he sustained an injury (Aff. of Thomas Lyons, **EXHIBIT "C"**). **KEL-TECH** has no Labor Law non-delegable duty toward John Moore since it did not employ him, supervise or control his work.

10. Plaintiff, **WAUSAU**, tendered the defense of **NYCEDC** and **SKANSKA** in correspondence dated December 13, 2004 and received by Defendant on December 17, 2004 *(EXHIBIT "D")*. Defendant, **QBE**, through its third-party administrator, Claims Service Bureau, denied the tender of defense and indemnification. Two grounds were stated; late notice of occurrence and the accident did not arise from **KEL-TECH'S** work *(EXHIBIT "E")*. There is no allegation that notice of disclaimer was untimely.

11. Plaintiff argues that Defendants' affirmative defense refers to claim or suit and not occurrence. Plaintiff was clearly on notice from the December 28, 2004 letter that Defendant was disclaiming for late notice of the occurrence as admitted by Mr. Morrissiey in paragraph 28 of his affidavit. While not employing the precise word "occurrence", Plaintiff's argument that it is waived is without merit. This is not a defense that is waived if not raised. FRCP Rule 12(h) In any event it was raised in the answer and in the initial submission joint letter *(EXHIBIT "F")*.

12. As more fully discussed in the memorandum of law, failure to provide notice as soon as practicable is a basis to deny coverage to an insured. The rule applies with equal effect to additional insureds.

13. By its own admission, **WAUSAU** was aware of the claim on September 27, 2004. There is no indication of any efforts made by **WAUSAU** to investigate the claim other than to blame **NYC EDC** for the delay in notifying **QBE** of the occurrence. This failure to document any effort would indicate that none was undertaken. Plaintiff's submission on this issue does not begin to adequately explain the delay in notifying **QBE** of the occurrence.

14. The affidavit of Thomas Lyons (Exhibit C), project manager for **KEL-TECH** establishes the fact that **KEL-TECH** had not worked in the area where Mr. Moore claims the accident occurred for almost two months. It also submits proof that an employee of **SKANSKA** demolished a portion of **KEL-TECH'S** work and moved the planking in the elevator shaft that Moore fell down.

15. The additional insured endorsement requires that in order to confer addition insured status on a person or organization, the liability must arise from **KEL-TECH'S** work for that insured which in this case is **SKANSKA**.

16. John Moore testified at his deposition (Exhibit B) that he was working for A.J. McNulty (6)[1] on a crew of four or five men erecting columns and beams with the assistance of a crane (p. 16). The accident occurred as he stepped backwards on to a cinder block wall (p. 32). The wall started to crumble and he fell backwards through an open elevator shaft (p. 33). He fell approximately 2-1/2 floors (p. 36).

17. The testimony of Mr. Moore in conjunction with the affidavit of Mr. Lyons establishes that **KEL-TECH'S** work in the area had been substantially changed. The concrete

---

[1] ( ) numbers refer to pages in John Moore's deposition

wall that Mr. Moore stepped on crumbled because *SKANSKA'S* employee demolished it. Mr. Moore fell through the opening of the elevator shaft because the *SKANSKA* employee moved the planks placed there by *KEL-TECH*.

18. *WAUSAU* and *AXIS* are seeking to shift the defense responsibility to the insurance carrier for a contractor (*KEL-TECH*) that bears no responsibility for the area where the accident occurred. Nor did *KEL-TECH* supervise or otherwise direct John Moore's work.

19. If the contract between *NYCEDC* and *SKANSKA* had been produced by the Plaintiff it would state that *SKANSKA* was required to name *NYCEDC* as an additional insured on its policy. If *SKANSKA'S* insurance policy was provided by Plaintiff, it would state that *SKANSKA* is required to defend *NYCEDC* in this action.

20. *ARENA* was a masonry contractor on this job who was working at the time of this accident and whose insurance policy names *SKANSKA* and *NYCEDC* as an additional insureds. Scottsdale's policy *(EXHIBIT "H")* contains an additional insured endorsement which provides that the insurance provided to the additional insured is primary in the event of a finding that *ARENA* is solely responsible for the occurrence. It is respectfully submitted that, if the limiting language in the *QBE* endorsement does not prevent *QBE* from a duty to defend as Plaintiff argues, Scottsdale should likewise be required to defend *NYCEDC* and *SKANSKA* for this occurrence.

21. It is respectfully submitted that there is no issue of fact as to Plaintiff's failure to provide notice to Defendant as soon as practicable. As a result, Defendant is entitled to judgment on its cross-motion for summary judgment against *SKANSKA*.

22. Defendant also submits that the law of New York is not settled as to the issue of when and under what circumstances an additional insured endorsement is triggered to provide coverage. The law in the Second Judicial Department where the underlying action is pending

requires that before the endorsement is triggered the occurrence must arise from the work of the contractor providing the additional insured coverage.

23. Since the occurrence did not arise from **KEL-TECH'S** work there is no coverage for **NYCEDC** under Defendant's insurance policy.

_____
WILLIAM H. BAVE, JR.

Sworn to before me this
9th day of November, 2006

_____
NOTARY PUBLIC

YESICA MANON
Notary Public, State of New York
No. 01MA6135821
Qualified in Bronx County
Commission Expires 10/24/20 09

# **EXHIBITS**

Exhibit "A"   Plaintiff's Response to Automatic Discovery

Exhibit "B"   Deposition of John Moore

Exhibit "C"   Affidavit of Thomas Lyons

Exhibit "D"   Wausau tender letter dated December 13, 2004

Exhibit "E"   CSB letter dated December 28, 2004

Exhibit "F"   Initial submission joint letter

Exhibit "G"   John Moore 50(h) testimony

Exhibit "H"   Scottsdale policy

Exhibit "I"   Accident report prepared by Barney Skanska USA

Exhibit "J"   A.J. McNulty Accident report