# JAFFE & ASHER LLP
## ATTORNEYS AT LAW

PLEASE REPLY TO NEW YORK OFFICE

800 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
(212) 687-9639 (FAX)

ESTABLISHED 1974

NEW JERSEY OFFICE

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6074 (FAX)

**VIA FACSIMILE**

November 9, 2006

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-13-06

Hon. Victor Marrero
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: **Wausau Underwriters Ins. Co. et al. v. QBE Ins. Corp., et al.
Civil Action No. 06 Civ. 3212 (VM)**

Dear Judge Marrero:

Our firm represents plaintiffs in the above-mentioned action. I submit this letter in application for an immediate conference or teleconference so the Court may provide guidance as to whether it will accept defendant QBE Insurance Corporation's ("QBE") cross-motion for summary judgment, which was filed today. There is some urgency as we need to know whether we should be opposing the cross-motion in connection with preparation of our reply papers on the already submitted motion.

After conference, this Court previously granted plaintiffs permission to move for partial summary judgment on the duty to defend against QBE. Our motion, as we explained to the Court, is based upon the allegations of the complaint in the underlying action. QBE's opposition was filed today.

With its opposition, QBE cross-moved for summary judgment denying our motion for summary judgment. QBE's cross-motion appears to be based upon facts outside the pleadings of the underlying action. QBE never sought permission to move or cross-move for summary judgment, and did not seek a pre-motion conference as required by your Honor's Individual Practice Rules. Moreover, we are unaware of any Federal Rule, Local Civil Rule, or Individual Practice Rule permitting cross-motions.

Given that the only relief sought is denial of our motion (which is somewhat confusing), the clear intent of this motion is to (1) afford QBE an argument that it is entitled to serve reply papers in response to our papers, seemingly taking some sort of

Hon. Victor Marrero
November 9, 2006
Page 2

advantage by having the last word); and (2) forcing us to respond to a Local Civil Rule 56.1 Statement of Facts.

      Accordingly, we ask that the Court determine that the cross-motion was improperly filed, without the required pre-motion conference,[1] or hold the time for plaintiffs to respond to the cross-motion in abeyance pending resolution or our pending motion and QBE's compliance with outstanding discovery. We do not contest that the Court may consider all of the papers in opposition to the outstanding motion.

Respectfully submitted,

Marshall T. Potashner, Esq. (MTP-3552)

MTP:mp
Cc:   William H. Bave, Jr. (via fax)
       Leonard Porcelli, Esq. (via fax)

> Request DENIED. No pre-motion conference is required to proceed with filing a cross-motion in response to and conjunction with opposing a motion. The parties are directed to confer and submit to the Court for approval an agreed-upon briefing schedule for the balance of the motion papers.
> SO ORDERED:
> 11-13-06
> DATE — VICTOR MARRERO, U.S.D.J.

---

[1] It must be noted that QBE has failed to fully comply with our discovery requests.