# JAFFE & ASHER LLP

## ATTORNEYS AT LAW

PLEASE REPLY TO NEW YORK OFFICE

ESTABLISHED 1974

NEW JERSEY OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
(212) 687-9639 (FAX)

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6074 (FAX)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-28-06
```

November 22, 2006

**BY HAND**

Hon. Victor Marrero
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   **Wausau Underwriters Ins. Co. et al. v. QBE Ins. Corp., et al.**
      **Civil Action No. 06 Civ. 3212 (VM)**

Dear Judge Marrero:

Our law firm represents plaintiffs WAUSAU UNDERWRITERS INSURANCE COMPANY and AXIS SPECIALTY INSURANCE COMPANY in the above-entitled civil action. We wish to file a motion to compel defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale") to comply with certain of plaintiffs' discovery demands and for a concomitant sixty (60) day extension of the November 27, 2006 deadline for fact discovery to permit such compliance.

As part of our good faith effort to resolve this matter with the attorney for Scottsdale, yesterday morning, I sent to him by electronic mail a proposed joint letter regarding this dispute for his review and comments. He has not responded to my e-mail, necessitating that I write to the Court separately.

The basis for the proposed discovery motion is extremely simple.

On August 22, 2006, we served Plaintiffs' First Request for Production of Documents to Scottsdale, a copy of which is annexed hereto as Exhibit "A". Although the deadline for responding to it has passed, we have not received any response or objection.

On August 22, 2006, we served Plaintiffs' First Set of Interrogatories to Scottsdale. On October 25, 2006, Scottsdale served its Response to First Set of Interrogatories, a copy of which is annexed hereto as Exhibit "B". The responses were not

Hon. Victor Marrero
November 22, 2006
Page 2

signed under oath by Scottsdale.  Also, Scottsdale refused to answer to Interrogatory Nos. 1, 2, 3, 4, 5, 6 and 8 on the ground that they seek "materials prepared in contemplation of litigation."  Each of these interrogatories seeks the identity of persons, documents or data compilations, which could not be the subject of any work product privilege. Scottsdale has not produced a log pursuant to Local Civ. Rule 26.2 so that we may address these claims of privilege.   In addition, Scottsdale makes several other objections with respect to these interrogatories that we contend are unsupported and unsupportable.

In addition to submitting the proposed joint letter to Scottsdale's attorney as set forth above, I made good faith efforts to resolve this matter by a facsimile letter dated November 15, 2006 and a telephone call on that date.

Thank you for your courtesy and consideration of these matters.

Respectfully submitted,

JAFFE & ASHER LLP

BY: _____
Michael J. Weiner, Esq. (MW 2397)

MJW:mjw
encl.

cc:  Leonard Porcelli, Esq. (via facsimile)
William H. Bave, Jr., Esq. (via facsimile)

The parties are directed to address the matter set forth above to Magistrate Judge *Theodore H. Katz* to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

SO ORDERED.

11-28-06
Date                         VICTOR MARRERO, U.S.D.J.