UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
WAUSAU UNDERWRITERS INSURANCE
COMPANY and AXIS SPECIALTY INSURANCE          Index No. 06 CV 3212 (VM)
COMPANY,

                          Plaintiffs,

        -against-                                **AFFIDAVIT OF**
                                                 **PAUL KOVNER, ESQ.**
QBE INSURANCE CORPORATION and
SCOTTSDALE INSURANCE COMPANY,

                          Defendants.
----------------------------------------------------------------------x

STATE OF NEW YORK        )
                         )  ss:
COUNTY OF NEW YORK       )

        **PAUL KOVNER**, being duly sworn, deposes and says:

        1.      I am an attorney duly admitted to practice before the Courts of the

State of New York and a member of the law firm of Rubin, Fiorella & Friedman LLP,

attorneys for NEW YORK CITY ECONOMIC DEVELOPMENT CORP. (the "NYC

EDC") and BARNEY SKANSKA CONSTRUCTION CO. ("Skanska"), defendants in a

certain civil action entitled John Moore v. New York City Economic Development Corp.,

New York City Department of Transportation, Barney Skanska Construction Company, Kel

Tech Construction Inc., Index No. 13658/04, which is pending in the Supreme Court of

the State of New York, County of Richmond (the "Underlying Action"); as such, I am

fully familiar with the facts and circumstances set forth herein.

2.    I submit this affidavit in support of the motion of plaintiffs WAUSAU UNDERWRITERS INSURANCE CORPORATION and AXIS SPECIALTY INSURANCE COMPANY for partial summary judgment and in opposition to the cross-motion of defendant QBE INSURANCE CORPORATION ("QBE") for summary judgment.

3.    KEL TECH CONSTRUCTION INC. ("Kel Tech") is a defendant in the Underlying Action and John Moore, the plaintiff therein, alleges, among other things, that Kel Tech's negligence caused him to suffer bodily injury.  A copy of the Verified Complaint ("Complaint") in the Underlying Action is annexed hereto as Exhibit "1".

4.    On or about October 17, 2005, John Moore served a Verified Bill of Particulars in the Underlying Action.  In said Verified Bill of Particulars, John Moore alleges that all of the defendants, including Kel Tech, engaged in tortuous conduct, causing him bodily injury.  John Moore, in said Verified Bill of Particulars, specifically states as follows:

> It is claimed that **the defendants** violated Sections 200, 240 and 241 of the Labor Law of the State of New York and the Rules of OSHA, specifically Sections 1926.26; 1926.28; 1926.34; 1926.95; 1926.96; 1926.100; 1926.101; 1926.102; 1926.104; 1926.105; 1926.200; 1926.201; 1926.202; 1926.250; 1926.251; 1926.252; 1926.300; 1926.301; 1926.302; 1926.303; 1926.304; 1926.305; 1926.306; 1926.307; 1926.500; 1926.550; 1926.551; 1926.552; 1926.553; 1926.554; 1926.555; and 1926.556; 1926.750; 1926.751; 1926.752 and Rule 23 of the Industrial Code of the State of New York, specifically Sections 23-1.5; 23-1.7(a) 1, 2, (b) 1, ii iii (a)(b)(c)(d)(e) 1, 2(f); 23-1.8(c) 1, 2, 3, 4; 1.10(a)(b) 1, 2, 3; 1.15(a)(b)(c)(d)(e);  1.16(a)(b)(c)(d)(e)(f) 1, 2; 1.17 (a)(b)(c)(d)(e); 2.1(a) 1, 2(b); 2.3(a) 1, 2, 3(b)(c)(d)(e); 23-5; 23-6.1(a)(b)(c) 1, 2(d)(e) 1, 2, 3, 4 (f) 1, 2 (g)(h)(i)(j) 1, 2 (k); 6.2(a) 1, 2 i ii, 3 i ii iii 4, i ii iii (b)(c)

1,2,3(e); 23-8.1(a)(b) 1, 2, 3, 4, 5(c)(d) 1, 2, 3(e), 1, 2, 3, 4, 5, 6 (f) 1 i ii iii iv, v, 2 i ii 3, 4, 5, 6, 7(g)(h)(i)(j)(k); 1, i (a)(b) ii (a)(b) iii (a)(b) iv, 2, 3, 4 5, 6, 7 i ii (1) 1, 2 (m)(n); 8.2(a)1, 2(b) 1, 2, i ii iii iv,(c)1, 2, 3, 4(d) 1, 2, 3(e)(f) 1 i ii iii iv, 2, i ii, iii 3, (g)1, i ii 2, i ii iii (h)(i)(j) 1, 2, 3, 4, 5; 8.3(a) 1, 2, 3, 4 (b)(c) 1 i ii iii 2, i ii iii 3, 4 i ii, 5, i ii iii iv, 6, 7, 8 (d) 1, 2 (e) 1, 2, 3; 84 (a)(b) 1, 2, 3(c)(d)1, 2(e) 1, 2 (f); 8.5(a)(b)(c) 1, 2, 3, i ii iii (d)(e)(f)(g) 1, 2, 3, 4, 5, (h)(i)(j)(k)(l)(m)(n) 1, 2, 3 i ii; 23-9.  (Emphasis supplied.)

A copy of said Verified Bill of Particulars is annexed hereto as Exhibit "2".

5.     Kel Tech has not moved for dismissal of the Complaint or for summary judgment dismissing the Complaint in the Underlying Action.  Kel Tech remains a direct defendant in the Underlying Action.

6.     Discovery in the Underlying Action is still in its early stages.  The depositions of the defendants, including Kel Tech's deposition, have not yet been conducted.  There has been no finding as to Kel Tech's liability or negligence in the Underlying Action.

7.     Attached as Exhibit "3" is a Third-Party Notification from the Office of the Comptroller of the City of New York advising John Moore of its determination that Kel Tech may be responsible for Moore's injuries.

8.     Based on the allegations contained in the attached documents, there exists a reasonable possibility that the Underlying Action could result in a judgment against Kel Tech.

**WHEREFORE**, the Court should grant plaintiffs' motion for partial summary judgment and deny the cross-motion for summary judgment of QBE INSURANCE CORPORATION in the above-entitled action.

**PAUL KOVNER**

Sworn to before me this
___ day of November, 2006

Notary Public

MARK S. FRAGNER
Notary Public, State of New York
No. 02FR61___
Qualified ___ ___unty
Comm___ ___ ___ ___ ___ February 27, 20 ___

4

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------x
JOHN MOORE,

                              *Plaintiff,*

                -against-                                         **VERIFIED COMPLAINT**

NEW YORK CITY ECONOMIC DEVELOPMENT CORP.,                         INDEX NUMBER: *13659/04*
NEW YORK CITY DEPARTMENT OF TRANSPORTATION,
BARNEY SKANSKA CONSTRUCTION COMPANY,
KEL TECH CONSTRUCTION INC.,

                              *Defendants.*
-----------------------------------------------------------------x

        Plaintiffs, complaining of the defendants, by their attorneys, **SACKS & SACKS, LLP,**

respectfully allege as follows:

        FIRST:          That at all times herein mentioned, defendant, **NEW YORK CITY**

**ECONOMIC DEVELOPMENT CORP. ("NYCEDC")** was and still is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

        SECOND:         That on the 22nd day of September 2004 and within ninety days after the

cause of action herein accrued, plaintiff served upon the **NYCEDC** a Notice of Claim setting

forth the time when, the place where and the manner in which the claim arose so far as

practical. To date the Comptroller has not offered any adjustment of said claim. On December

9, 2004 a 50-H hearing was conducted and this action is being commenced within one year and

ninety days after the cause of action herein accrued.

        THIRD:          That at all times herein mentioned, defendant, **NEW YORK CITY**

**DEPARTMENT OF TRANSPORTATION ("NYCDOT")** was and still is a municipal corporation

duly organized and existing under and by virtue of the laws of the State of New York.

        FOURTH:         That at all times herein mentioned, and on the 22nd day of September

2004 plaintiff served upon **NYCDOT** a Notice of Claim setting forth the time when, the place

where and the manner in which the claim arose so far as practical.  A 50-H hearing was

conducted on December 9, 2004 and this action is being commenced within one year and ninety days after the cause of action herein accrued.

FIFTH:    That at all times herein mentioned, defendant, **BARNEY SKANSKA CONSTRUCTION COMPANY**. was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

SIXTH:    That at all times herein mentioned, defendant **KEL TECH CONSTRUCTION, INC**. was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

SEVENTH:    That at all times herein mentioned, defendant **NYCEDC** was and still is the owner of premises under construction known as the Staten Island, St. George Ferry Terminal, in the Borough of Richmond, City and State of New York.

EIGHTH:    That at all times herein mentioned, defendant **NYCDOT** was and still is the owner of the aforementioned premises.

NINTH    That at all times herein mentioned, defendant **BARNEY SKANSKA CONSTRUCTION CO**. was in the business of providing general contracting and/or construction management services and was the general contractor and/or construction manager at the aforementioned premises.

TENTH:    That at all times herein mentioned, defendant **KEL TECH CONSTRUCTION, INC**. was in the business of providing general contracting and/or construction management services and was the general contractor and/or construction manager at the aforementioned premises.

ELEVENTH:    That at all times herein mentioned, defendant **NYCEDC** entered into a contract with **BARNEY SKANSKA CONSTRUCTION CO**. for **BARNEY SKANSKA CONSTRUCTION CO**. to act as general contractor and/or construction manager at the aforementioned premises.

TWELFTH:  That at all times herein mentioned, defendant, **NYCEDC** entered into a contract with **KEL TECH CONSTRUCTION CO.** for **KEL TECH CONSTRUCTION CO.** to act as general contractor and/or construction manager at the aforementioned premises.

THIRTEENTH: That at all times herein mentioned, defendant **NYCEDC** entered into a contract **A.J. McNULTY** for **A.J. McNULTY** to perform work, labor and services at the aforementioned premises.

FOURTEENTH: That at all times herein mentioned, defendant **NYCDOT** entered into a contract with **BARNEY SKANSKA CONSTRUCTION COMPANY** for **BARNEY SKANSKA CONSTRUCTION COMPANY** to act as general contractor and/or construction manager at the aforementioned premises.

FIFTEENTH: That at all times herein mentioned, defendant **NYCDOT** entered into a contract with **KEL TECH CONSTRUCTION CO.** for **KEL TECH CONSTRUCTION CO.** to act as general contractor and/or construction manager at the aforementioned premises.

SIXTEENTH: That at all times herein mentioned, defendant **NYCDOT** entered into a contract with **A.J. McNULTY** for **A.J. McNULTY** to perform work, labor and services to the aforementioned premises.

SEVENTEENTH: That at all times herein mentioned, defendant **BARNEY SKANSKA CONSTRUCTION COMPANY** entered into a contract with **A.J. McNULTY** for **A.J. McNULTY** to perform work, labor and services at the aforementioned premises.

EIGHTEENTH: That at all times herein mentioned, defendant **BARNEY SKANSKA CONSTRUCTION COMPANY** entered into a contract with **OWEN STEEL** who in turn entered into a sub-contract agreement with **A.J. McNULTY** for steel erection.

NINETEENTH: That at all times herein mentioned, defendant **KEL TECH CONSTRUCTION CO.** entered into a contract with **A.J. McNULTY**.

**TWENTIETH**:        That at all times herein mentioned, defendant **KEL TECH CONSTRUCTION CO**. entered into a contract with **OWEN STEEL** who in turn entered into a sub-contract agreement with **A.J. McNULTY**.

**TWENTY-FIRST**:        That on the 16th day of September 2004 while plaintiff was lawfully upon the aforesaid premises as an employee of the aforesaid **A.J. McNULTY** he was caused to sustain serious and severe injuries.

**TWENTY-SECOND**: The occurrence arose on the 16th day of September 2004 at approximately 9:30 a.m. at the Staten Island Ferry Terminal, St. George. At all times herein mentioned, defendants owned, operated, managed and controlled the aforesaid premises and further retained numerous contractors including **BARNEY SKANSKA CONSTRUCTION CORP.** and **A.J. McNULTY** to perform work, labor and services thereat; at all times plaintiff was employed by A.J. McNULTY and was caused to sustain serious and severe injuries when he was caused to fall through a shaft that was uncovered, not barricaded, not planked over and/or otherwise secured to prevent people from falling through same; further allowed concrete walls to remain in a dangerous, unconstructed and improper condition causing collapse and other falling hazards; further failed to provide proper scaffolding that was constructed, placed, operated and maintained; further failed to provide proper elevated work surfaces; further failed to provide proper safety devices to prevent a fall from an elevated work site; further failed to provide yoyos, and other devices to prevent falls from an elevated work site; further violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York Rule 23 of the Industrial Code of the State of New York specifically but not limited to  23-1.5, 23-1.7, 23-1.8, 23-1.15, 23-1.16, 23-1.17, 23-5, 23-6, and further violated, Article 1926 of O.S.H.A. and was otherwise generally negligent, careless and reckless causing plaintiff to sustain serious and severe injuries.

**TWENTY-THIRD**:        Plaintiff was free from contributory negligence.

01/03/2005  12:38    212-312-3912                NYC ECONOMIC                          PAGE  07/08

**TWENTY-FOURTH**:  As a result of the aforesaid occurrence plaintiff was rendered sick, sore, lame and disabled, was confined to bed and home for a long period of time; was caused to expend large sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time.

**TWENTY-FIFTH**:      The monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost wages and union benefits, past and future, and all other recoverable items under New York State law.

SACKS AND SACKS, LLP
Attorneys for Plaintiff(s)
150 Broadway - 4th Floor
New York, New York 10038
(212) 964-5570

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, KENNETH SACKS, am an attorney duly admitted to practice in the courts of New York

State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

the plaintiff(s), I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** know the

contents thereof and the same are true to my knowledge, except those matters therein which

are stated to be alleged on information and belief, and as to those matters I believe them to be

true. My belief, as to those matters therein not stated upon knowledge, is based upon the

following: facts, investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a

County other than where deponent maintains his office.

Dated:      New York, New York
            December 16, 2004

KENNETH SACKS, ESQ.

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
----------------------------------------------------------------x
JOHN MOORE,

                        Plaintiff,

        -against-

NEW YORK CITY ECONOMIC DEVELOPMENT CORP.,
NEW YORK CITY DEPARTMENT OF TRANSPORTATION,
BARNEY SKANSKA CONSTRUCTION CO., and
KEL TECH CONSTRUCTION INC.,

                     Defendants.
----------------------------------------------------------x
NEW YORK CITY ECONOMIC DEVELOPMENT CORP.,
NEW YORK CITY DEPARTMENT OF TRANSPORTATION,
And BARNEY SKANSKA CONSTRUCTION CO.,

                  Third-Party Plaintiff(s)

        -against-

ARENA CONSTRUCTION CO., INC.

                 Third-Party Defendant(s).
----------------------------------------------------------x

**VERIFIED BILL OF
PARTICULARS**

**INDEX NO.: 13658/04**

A T T O R N E Y S:

      **PLEASE TAKE NOTICE**, that the plaintiff, by his attorneys, **SACKS AND SACKS,**

**LLP**, responds to the demand for a Verified Bill of Particulars, by the defendants, **NEW YORK**

**CITY ECONOMIC DEVELOPMENT CORP., NEW YORK CITY DEPARTMENT OF**

**TRANSPORTATION, BARNEY SKANSKA CONSTRUCTION CO.,** based upon information

and belief as follows:

     1.     John Moore.

     2.     Plaintiff's date of birth is 9/16/55; Plaintiff's social security number is 112-48-

3973.

     3.     The plaintiff resides at 421 Walnut Street, Port Monmouth, New Jersey, 07724.

     4.     The accident occurred on or about September 16, 2004 at approximately 9:30 a.m.

5.      The plaintiff was employed by A.J. McNulty, located at 53-20 44th Street, Masbeth, New York 11378.

6.      At the time of the accident, Mr. Moore was in the process of setting a beam over an elevator shaft when Mr. Moore was caused to fall head first into the elevator shaft sustaining injury.

7.      The accident occurred at the St. George's Ferry Terminal in Staten Island, while Mr. Moore was working one floor above ground level approximately 10 to 12 feet up.

8.      The occurrence did not take place in a stairway.

9.      The occurrence did not take place on a sidewalk, lot or roadway.

10.     At the time of the accident the plaintiff was not provided with any equipment in order to do his job safely, including proper scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, planking or any other such devices.  Moreover, the plaintiff was not provided with any safety equipment to prevent his fall from an elevated work site.

11.     The accident in question does not involve an elevator but it does involve an elevator shaft.

12.     The occurrence arose on the 16th day of September 2004 at approximately 9:30 a.m. at the Staten Island Ferry Terminal, St. George.  At all times herein mentioned, defendants owned, operated, managed and controlled the aforesaid premises and further retained numerous contractors including **BARNEY SKANSKA CONSTRUCTION CORP.** and **A.J. McNULTY** to perform work, labor and services thereat; at all times plaintiff was employed by **A.J. McNULTY** and was caused to sustain serious and severe injuries when he was caused to fall through a shaft that was uncovered, not barricaded, not planked over and/or otherwise secured to prevent people from falling through same; further allowed concrete walls to remain in a dangerous, unconstructed and improper condition causing collapse and other falling

hazards; further failed to provide proper scaffolding that was constructed, placed, operated and maintained; further failed to provide proper elevated work surfaces; further failed to provide proper safety devices to prevent a fall from an elevated work site; further failed to provide yoyos, and other devices to prevent falls from an elevated work site; further violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York Rule 23 of the Industrial Code of the State of New York specifically but not limited to 23-1.5, 23-1.7, 23-1.8, 23-1.15, 23-1.16, 23-1.17, 23-5, 23-6, and further violated, Article 1926 of O.S.H.A. and was otherwise generally negligent, careless and reckless causing plaintiff to sustain serious and severe injuries.

13-14. Notice is not a requisite to recovery in an action based upon a violation of Labor Law Section 240 and 241(6). However, both actual and constructive notice are alleged based upon the violation of Labor Law Section 200 and common law negligence. The name of the person or persons to whom notice was given is not known at the present time and will be provided if and when it is available.

Constructive notice is alleged because said condition existed for a sufficient period of time prior to hours to the happening of plaintiff's accident. The defendant knew or should have known about the conditions and failed to remedy it.

Plaintiff reserves the right to supplement this response.

15. At this point in time, plaintiff's counsel is not aware of whether any negligent repairs were made. Prior to the happening of the accident, laborers were working in the area and did cause damage to the cinderblock wall plaintiff fell from.

16. It is claimed that the defendants violated Sections 200, 240 and 241 of the Labor Law of the State of New York and the Rules of OSHA, specifically Sections 1926.26; 1926.28; 1926.34; 1926.95; 1926.96; 1926.100; 1926.101; 1926.102; 1926.104; 1926.105; 1926.200; 1926.201; 1926.202; 1926.250; 1926.251; 1926.252; 1926.300; 1926.301; 1926.302; 1926.303; 1926.304; 1926.305;

1926.306; 1926.307, 1926.500; 1926.550, 1926.551; 1926.552; 1926.553; 1926.554; 1926.555; and 1926.556; 1926.750; 1926.751; 1926.752 and Rule 23 of the Industrial Code of the State of New York, specifically Sections 23-1.5; 23-1.7(a) 1, 2, (b) 1, i ii iii (a)(b)(c)(d)(e) 1, 2(f); 23-1.8(c) 1, 2, 3, 4; 1.10(a)(b) 1, 2, 3; 1.15(a)(b)(c)(d)(e); 1.16(a)(b)(c)(d)(e)(f) 1, 2; 1.17 (a)(b)(c)(d)(e); 2.1(a) 1, 2(b); 2.3(a) 1, 2, 3(b)(c)(d)(e); 23-5; 23-6.1(a)(b)(c) 1, 2(d)(e) 1, 2, 3, 4 (f) 1, 2 (g)(h)(i)(j) 1, 2 (k); 6.2(a) 1, 2 i ii, 3 i ii iii 4, i ii iii (b)(c)(d) 1, 2, 3 (e); 23-8.1(a)(b) 1, 2, 3, 4, 5(c)(d) 1, 2, 3(e), 1, 2, 3, 4, 5, 6 (f) 1 i ii iii iv, v, 2 i ii 3, 4, 5, 6, 7(g)(h)(i)(j)(k); 1, i (a)(b) ii (a)(b) iii (a)(b) iv, 2, 3, 4 5, 6, 7 i ii (l) 1, 2 (m)(n); 8.2 (a)1, 2 (b) 1, 2, i ii iii iv, (c)1, 2, 3, 4 (d) 1, 2, 3(e)(f) 1 i ii iii iv, 2, i ii, iii 3, (g) 1, i ii 2, i ii iii (h)(i)(j) 1, 2, 3, 4, 5; 8.3(a) 1, 2, 3, 4 (b)(c) 1 i ii iii 2, i ii iii 3, 4 i ii, 5, i ii iii iv, 6, 7, 8 (d) 1, 2 (e) 1, 2, 3; 8.4 (a)(b) 1, 2, 3(c)(d)1, 2(e) 1, 2 (f); 8.5(a)(b)(c) 1, 2, 3, i ii iii (d)(e)(f)(g) 1, 2, 3, 4, 5, (h)(i)(j)(k)(l)(m)(n) 1, 2, 3 i ii; 23-9.

17-18. It is claimed that the plaintiff sustained the following injuries and ill effects therefrom as a result of his accident, including:

**HEAD:**

Concussion;

Post concussion syndrome;

Traumatic brain injury;

Headaches;

Memory loss;

Blurred vision;

Double vision;

Laceration requiring sutures;

Abrasions and ecchymosis;

Dizziness;

Nervousness;

Inability to concentrate;

Visual disturbances affecting lateral movement;

Depression;

Anxiety;

**NECK:**

Multiple compression fractures of the cervical spine;

Internal derangement;

Sprain/Strain;

Stiffness;

Restriction of motion;

Pain and tenderness.

**THORAX:**

Compression fractures of the thoraco lumbar spine;

Internal derangement;

Sprain/Strain;

Ecchymosis;

Swelling;

Stiffness.

**LUMBO SACRAL SPINE:**

Abnormality of superior end plate of L2 vertebral body;

Muscle spasms;

Internal derangement;

Sprain/Strain;

Restriction of motion;

Stiffness;

Weakness;

Difficulty ambulating;

Antalgic gait.

**RIGHT SHOULDER:**

Questionable fracture of the scapula;

Rotator cuff contusion;

Adhesive capsulitis;

Internal derangement;

Restriction of motion;

Stiffness;

Difficulty elevating arms;

Pain and tenderness;

Weakness.

*Surgical intervention required.

**LEFT SHOULDER:**

Sprain/Strain;

Restriction of motion;

Internal derangement;

Pain and tenderness;

Weakness.

**RIGHT ELBOW:**

Displaced olecranon avulsion fracture;

Tip fracture;

Internal derangement;

Pain and tenderness;

Stiffness;

Ecchymosis and bruising;

Deformity;

Surgical scarring with sutures.

**ARMS/HANDS:**

Pain and tenderness;

Weakness;

Swelling;

Limitation of motion;

Sprain/Strain.

**KNEES:**

Internal derangement;

Sprain/Strain;

Tenderness along patella facets and medial and lateral joint lines;

Positive meniscul signs;

Stiffness;

Weakness;

Pain and tenderness;

Restriction of motion;

Difficulty ambulating.

**LEFT LEG/ANKLE:**

Internal derangement;

Sprain/Strain;

Tenderness along anterior lateral;

Tenderness along fibula;

Difficulty ambulating;

Stiffness;

Weakness.

19.     The plaintiff received medical treatment from St. Vincent's Hospital and Jersey Shore Medical Crisis Center.

20.     At the time of the accident, the plaintiff was employed as a structural steel iron worker.  Presently, Mr. Moore remains totally disabled.

21.     The plaintiff was not a student at the time of the accident.

22.     Mr. Moore remains totally and permanently disabled from any form of gainful employment as a result of the accident.  As such, lost wages are continuing to accrue and will so continue for the remainder of Mr. Moore's work life.   At the time of the accident, Mr. Moore was earning approximately $2,978.00 per week.   Wage loss to date totals approximately $160,000.00.

A claim is made for future wage loss in the approximate of $2,167,984.00.  Please be advised that this figure is based upon the present wage and benefit rate scales.  However, at the time of trial, the plaintiff intends to call an economist to testify who will calculate the 4 to 6% growth historically achieved for a Local 40 Ironworkers.  As such, economic loss will be substantially higher in the approximate amount of $4,000,000.00.

23.     Mr. Moore remains totally disabled since the happening of his accident.  Said

disability is continuing and claimed until the age of 65.  Mr. Moore is unable to pursue his usual

occupation due to the injuries he sustained in his accident.

24ABCDE&H. Plaintiff's counsel is not aware of the exact amount for special damages.

Plaintiff's counsel will supplement this response.

F&G.   See Answer to Number 22 Supra.

25.     W-2 forms will be provided upon receipt.

26.     A claim was made for worker's compensation benefits.

DATED:     NEW YORK, NEW YORK
           October 17, 2005

                               Yours, etc.

                               **SACKS & SACKS, LLP**

                               By: _____
                               **ANDREW R. DIAMOND, ESQ.**
                               Attorneys for Plaintiff(s)
                               150 Broadway, 4th Floor
                               New York, NY 10038
                               (212) 964-5570

TO:

**RUBIN, FIORELLA & FRIEDMAN, LLP**
Attorneys for Defendant(s)
**NEW YORK CITY ECONOMIC DEVELOPMENT CORP.,**
**NEW YORK CITY DEPARTMENT OF TRANSPORTATION**
**And BARNEY SKANSKA CONSTRUCTION COMPANY**
292 Madison Avenue-11th Floor
New York, New York 10017
(212) 953-2381

**KRAL, CLERKIN, REDMOND, RYAN**
**PERRY & GIRVAN**
Attorneys for Defendant(s)
**ARENA CONSTRUCTION CO., INC.**
170 Broadway-5th Floor
New York, NY  10038
(212) 406-9710

**GOLDBERG SEGALLA LLP**
Attorneys for Defendant(s)
**KEL-TECH CONSTRUCTION, INC.**
**s/h/a KEL TECH CONSTRUCTION, INC.**
170 Hamilton Avenue-Suite 203
White Plains, New York 10601
(914) 798-5400

## ATTORNEY'S VERIFICATION

ANDREW R. DIAMOND, ESQ., an attorney duly admitted to practice in the Courts of this State, affirms the following under the penalties of perjury:

I am an attorney associated with the firm of **SACKS AND SACKS, LLP**, attorneys for the plaintiff(s) in the instant action. That he has read the foregoing **VERIFIED BILL OF PARTICULARS** and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason for this verification is made by deponent and not by plaintiff is that the plaintiff is in a County other than the one in which plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communications, papers, reports and investigations contained in this file.

DATED:    NEW YORK, NEW YORK
          October 17, 2005

_____
ANDREW R. DIAMOND, ESQ.

# EXHIBIT 3

1 CENTRE STREET, NEW YORK, N.Y. 10007-2341

**WILLIAM C. THOMPSON, JR.**
COMPTROLLER

015 - 175

JOHN MOORE c/o SACKS & SACKS
150 BROADWAY 4TH FLOOR
NEW YORK, NY 10038

| | |
|---|---|
| Date: | 10/27/2004 |
| Re.: | **MOORE** |
| Claim #: | 2004PI020981 |
| D/A: | 9/16/2004 |

### THIRD PARTY NOTIFICATION

In reference to the above captioned claim, please be advised that our investigation reveals that a third party may be responsible for your loss or injury. Therefore, we recommend that you contact the following concerning your claim:

KEI TECH CONSTRUCTION INC.
251 MONITOR STREET
BROOKLYN, NY 11222

You may also pursue your claim against the City of New York by commencing an action within one year and ninety days from the date of the original accident/occurrence.

Very truly yours,

THOMAS ORAWIEC - EXAMINER
(212) 669-4765          Room 1220