UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

WAUSAU UNDERWRITERS INSURANCE
COMPANY and AXIS SPECIALTY INSURANCE
COMPANY,

    Civil Action No.
    06 CV 3212 (VM)(THK)

               Plaintiffs,

    -against-

            **REPLY AND**
            **OPPOSITION AFFIDAVIT**

QBE INSURANCE CORPORATION and
SCOTTSDALE INSURANCE COMPANY,

               Defendants.

----------------------------------------------------------------------x

STATE OF NEW YORK    )
                      )ss.
COUNTY OF NEW YORK  )

          **MARSHALL T. POTASHNER**, being duly sworn, deposes and says:

          1.    I am a member of the law firm of JAFFE & ASHER LLP, attorneys for plaintiffs WAUSAU UNDERWRITERS INSURANCE COMPANY and AXIS SPECIALTY INSURANCE COMPANY; as such, I am fully familiar with the facts and circumstances set forth herein.

          2.    I submit this reply and opposition affidavit in support of plaintiffs' motion for an Order, pursuant to Fed. R. Civ. P. 56, granting partial summary judgment on the first claim for relief in the Complaint, determining and declaring that defendant QBE INSURANCE CORPORATION ("QBE") is required to provide a defense to Barney Skanska Construction Co. ("Skanska") and the New York City Economic Development Corp. (the "NYC EDC") for the action entitled <u>John Moore v. New York City Economic Development Corp., New York City Department of Transportation, Barney Skanska</u>

1

Construction Company, Kel Tech Construction Inc., Index No. 13658/04, which is pending in the Supreme Court of the State of New York, County of Richmond (the "Underlying Action"), and determining and declaring that coverage under plaintiffs' policies is excess over the coverage afforded under the QBE policy. I also submit this reply and opposition affidavit in opposition to QBE's cross-motion for summary judgment.

3.      In opposition to the cross-motion, I incorporate by reference my prior affidavit, sworn to on October 18, 2006, submitted in support of plaintiffs' motion for partial summary judgment, including all exhibits annexed thereto.

4.      Pursuant to a Stipulation of Facts and Related to Discovery, dated November 14, 2006, plaintiffs and QBE stipulated that notice of the occurrence alleged in the Underlying Action was timely tendered by both Kel Tech Construction Inc. ("Kel Tech"), QBE's Named Insured, and by the NYC EDC. A copy of said Stipulation, which has been submitted to the Court to be "so ordered", is annexed hereto as Exhibit "5".

5.      QBE does not indicate in its motion papers when it actually was first notified of John Moore's September 16, 2004 accident. However, QBE produced in this action in discovery an investigation report prepared by Kel Tech, dated November 23, 2004, which was prepared for QBE. Claims Service Bureau of New York, which is listed on the "To" line, was QBE's agent for purposes of the handling of the Underlying Action. For example, Claims Service Bureau of New York is the entity that disclaimed coverage to Skanska and the NYC EDC on behalf of QBE. A copy of this report is annexed hereto as Exhibit "6".

2

6.      This shows that QBE was notified of the accident prior to when Wausau tendered the claim on behalf of Skanska on December 13, 2004, and when the Underlying Action was commenced on December 28, 2004. Presumably, the report was not prepared overnight. Since QBE has not disclosed when it actually was first notified of the accident or occurrence, it is quite possible notice of the occurrence was provided to it within days or a week or two of the accident.

7.      QBE does not dispute that Skanska and the NYC EDC are in the same position in the Underlying Action. In fact, as QBE's counsel notes in his affidavit in support of QBE's cross-motion, "they are represented by the same law firm in the underlying action." (See William H. Bave, Jr.'s Affidavit in Support of Cross-Motion, sworn to on November 9, 2006, ¶ 6.)

8.      As set forth in the accompanying Reply and Opposition Memorandum of Law, since the NYC EDC and Skanska are similarly situated, the NYC EDC's admitted timely notification of the occurrence to QBE is applicable to Skanska.

9.      As the investigating report also shows, Kel Tech was responsible for building the wall for the shaft from which John Moore fell, and it was Kel Tech's scaffolding that was in position around the shaft. (See Exhibit "6".)

10.     QBE also produced in this action in discovery an "Accident Report", which listed the wall built by Kel Tech as the "Item Causing Injury". According to this report, the accident occurred when John Moore stepped on a brick on the wall, which brick collapsed, sending him down the shaft. A copy of the Accident Report produced by QBE is annexed hereto as Exhibit "7".

3

11.    QBE also produced in this action in discovery a copy of the Notice of Claim filed by John Moore against the NYC EDC. In this notice, John Moore alleged, among other things, that the wall built by Kel Tech was in a "dangerous, unconstructed and improper condition" and that Kel Tech's scaffolding was not properly "constructed, placed, operated and maintained." A copy of the Notice of Claim produced by QBE is annexed hereto as Exhibit "8".

12.    QBE also produced a copy of the Verified Bill of Particulars, dated October 17, 2005, served by John Moore in the Underlying Action. In the Verified Bill of Particulars, at paragraph "12", John Moore alleged that defendants, including Kel Tech, "allowed concrete walls to remain in a dangerous, unconstructed and improper condition causing collapse and other falling hazards; [and] further failed to provide proper scaffolding that was constructed, placed, operated and maintained; . . . ." A copy of said Verified Bill of Particulars is annexed to the Affidavit of Paul Kovner, Esq. as Exhibit "2".

13.    QBE appears to have agreed to defend Kel Tech in the Underlying Action, and it assigned the law firm of Goldberg Segalla, LLP as Kel Tech's defense counsel. Copies of correspondence with Goldberg Segalla, LLP, evidencing that QBE retained it as defense counsel for Kel Tech, are annexed hereto as Exhibit "9".

14.    QBE appears to have recently directed that Kel Tech's defense in the Underlying Action be transferred to the law firm of Wilson Bave Conboy Cozza & Couzens, which is also counsel to QBE in the instant action. A copy of a letter, dated October 5, 2006, from Goldberg Segalla, LLP to Kel Tech, referencing QBE's direction to change counsel, is annexed hereto as Exhibit "10".

4

**WHEREFORE**, this Court should grant plaintiffs' motion for partial

summary judgment and deny QBE's cross-motion for summary judgment in all respects.

**MARSHALL T. POTASHNER**

Sworn to before me this 1st
     day of December, 2006

Notary Public

MICHAEL J. WEINER
Notary Public, State of New York
No. 02WE6084155
Qualified in Rockland County
Commission Expires Dec. 2, 2006

5

# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
WAUSAU UNDERWRITERS INSURANCE
COMPANY and AXIS SPECIALTY INSURANCE          Index No.  06 CV 3212 (VM)
COMPANY,

                                    Plaintiffs,

        -against-                                      **STIPULATION OF
                                                       FACTS AND RELATED
QBE INSURANCE CORPORATION and                          TO DISCOVERY**
SCOTTSDALE INSURANCE COMPANY,

                                    Defendants.
-----------------------------------------------------------------------x

   **IT IS HEREBY STIPULATED AND AGREED,** by and between plaintiffs and

defendant QBE INSURANCE CORPORATION ("QBE"), as follows:

        A.      That the following facts are agreed to and not disputed:

        1.      Kel Tech Construction Inc. ("Kel Tech"), a Named Insured under

the liability insurance policy, No. HBG 00208-3, issued by QBE, timely tendered to QBE

notice of the "occurrence" alleged in the underlying action entitled John Moore v. New

York City Economic Development Corp., New York City Department of Transportation,

Barney Skanska Construction Company, Kel Tech Construction Inc., Index No.

13658/04, in the Supreme Court of the State of New York, County of Richmond (the

"Underlying Action"); and

        2.      The New York City Economic Development Corp., a defendant in

the Underlying Action, timely tendered to QBE notice of the "occurrence" alleged in the

Underlying Action.

                                         1

B.     The parties hereto are making no stipulations or admissions concerning the legal relevance of the above-stipulated facts.

C.     Plaintiffs withdraw their request for the remaining portions of QBE's claims file, except to the extent QBE intends to use documents in its claims file to support any defense it has to the claims alleged in the above-entitled action.

D.     Plaintiffs withdraw their objections to QBE's interrogatory answers.

E.     The attorneys signing this Stipulation represent and warrant that such attorney is authorized to sign on behalf of such attorney's client, and to bind said party or parties to this Stipulation.

Dated:   New York, New York
         November 14, 2006

WILSON, BAVE, CONBOY, COZZA
& COUZENS, P.C.

By: _____
     William H. Bave, Jr. (WHB-0349)
Attorneys for Defendant
QBE INSURANCE CORPORATION
Two Williams Street
White Plains, New York  10601
(914) 686-9010

JAFFE & ASHER LLP

By: _____
     Marshall T. Potashner (MTP-3552)
Attorneys for Plaintiffs
WAUSAU UNDERWRITERS
INSURANCE COMPANY and
AXIS SPECIALTY INSURANCE
COMPANY
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

SO ORDERED:

_____
**Hon. Victor Marrero, U.S.D.J.**

2

# EXHIBIT 6

# KEL-TECH CONSTRUCTION, INC.

251 Monitor Street
Brooklyn, NY 11222
Telephone: (718) 383-3353 / Facsimile (718) 383-3360

To:       Lydia Melendez, Investigator
            Claims Service Bureau of New York
            21 Hempstead Avenue, Lynbrook, NY 11563
            Telephone: 516-593-2440   Facsimile: 516-593-2486
Date:     November 23, 2004
Subject:  Accident at St. George Ferry Terminal, Staten Island, NY

Kel-Tech Construction started to build the CMU block walls in Passenger Elevator Shaft #2 on July 8, 2004. Our work continued for two weeks. In order for Kel-Tech's masons to perform this work, Kel-Tech needed to have the inside of the shaft completely scaffolded and fully planked with full working platforms. The inside dimension of the shaft was approximately 8 feet x 7 feet.

On or about July 23, 2004, Mike McFadden, the Project Manager for Skanska, instructed Kel-Tech's Foreman, Malcolm Cronin, to stop building the walls at this elevator shaft because McNulty Steel needed to install steel beams at the West Entrance, which is adjacent to the elevator shaft, and that the continuation of building the CMU walls would have interfered with the installation of McNulty Steel's work. Kel-Tech stopped working at the elevator shaft as instructed, but left with Kel-Tech's scaffolding in its position, fully planked.

Sometime later, Tommy Lyons, Kel-Tech's Project Manager, saw one of Skanska's laborers demolishing the elevator shaft walls which Kel-Tech had built. We later learned that the laborer's name is Mario Nicklo. Mario demolished approximately 6 to 7 feet of the elevator shaft's CMU walls. As he demolished the walls, he lowered some of the planks to perform his work, but he did not fully plank out the scaffolding on level of which he was working. Kel-Tech did not return to work at this location, and continued to work in a different area. Kel-Tech is not aware of the reason why Skanska had to demolish the wall built by Kel-Tech. The wall was properly built by Kel-Tech.

In September 2004, we heard that one of McNulty Steel's workers was injured while installing beams. We heard that the worker was walking on the top of the elevator shaft CMU wall (which was partially demolished by Mario Nicklo) and that he slipped and fell into the elevator shaft.

Kel-Tech returned the elevator shaft on November 8, 2004 to rebuild the partially demolished CMU.


_____                    _11|23|04_
Thomas Lyons, Project Manager               Date
Kel-Tech Construction, Inc.

# EXHIBIT 7

# A.J. McNULTY & CO., INC.

53-20 44th Street, Maspeth, New York 11378  (718) 784-1655  Fax (718) 784-3889

9·16·04

## ACCIDENT REPORT

DATE: 9/20/04          JOB: St George Ferry Terminal   JOB#: 1864

1. Name of Injured:          JOHN MOORE

2. Address of Injured:

3. Age: _____     Date of Birth: _____     SS# _____

4. Occupation: IRON Worker          Local: _____

5. Place Where Accident Occurred: New Steel Area     Date & Time: 9/16/04

6. Name of Foreman: Norman Pryce     Was Foreman Notified? Yes

7. Item Causing Injury: pre. cut. brick wall     Was Safety Device Available? Yes

8. How Did The Accident Occur? IRON WORKERS were connecting a beam. A concrete brick wall was in way of work. John Moore goes to step on brick and brick collapses, sending worker down 23'2" Hole.

9. What Was The Employee Doing When Injured: going from a scaffold to a brick wall

10. Names of Witnesses: James Sullivan, Robert Corredor, Michael Grieco

11. Nature of Injury: Broken Elbow, concussion possible Fib fractures

12. Name & Address of Physician/Medical Center: St. Vincents Medical Center

13. Did Injured Employee Lose Time? Yes

14. How Could the Accident Have Been Avoided? Labors should have removed concrete brick after cutting with demo saw. shaft also should have been properly covered.

Prepared By: James M. Sullivan

Signed By: James M. Sullivan

(A-1)

9·16·04

# EXHIBIT 8

10/29/2004 10:29 FAX 212 765 · 34    HARLAN BROKERAGE    @004/010

Oct·29· Case 1:06-cv-03212-VM-THK    Document 38-5    Filed 12/05/2006    Page 2 of 3    No.8608    P②/11
10/29/2004  12:25  212 · · · ·  12    NYC ECONOMIC

*In the Matter of the Claim of*

**JOHN MOORE**

*Against*

**NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION**

*[stamp:]* N.Y.C. ECONOMIC DEVELOP... ...NT CORP. 2004 SEP 22 A 11: 10 LEGAL DEPARTMENT

*TO:*   **NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION**
110 William Street
New York, New York 10038

   **PLEASE TAKE NOTICE,** that the undersigned claimant(s) hereby make(s) claim and demand against the CITY OF NEW YORK, as follows: [Office of the Comptroller requests the following additional information: in Section 2, specific defect (e.g. pothole) if applicable; in Section 3, street address wherever possible.]

   *1. The name and post-office address of each claimant and claimant's attorney is:*
Sacks and Sacks, LLP
150 Broadway, 4th Floor
New York, New York 10038

John Moore
421 Walnut Street
Port Monmouth, New Jersey 07758

   *2. The nature of the claim:*
Personal injuries sustained by John Moore on the 16th day of September, 2004.

   *3. The time when, the place where and the manner in which the claim arose:*
   The claim arose on the 16th day of September 2004 at approximately 9:30 a.m. at the Staten Island Ferry Terminal, St. George. At all times herein mentioned, NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION owned, operated, managed and controlled the aforesaid premises and further retained numerous contractors including SKANSKA, BARNEY SKANSKA and A.J. McNULTY to perform work, labor and services thereat; at all times claimant was employed by A.J. McNULTY and was caused to sustain serious and severe injuries when he was caused to fall through a shaft that was uncovered, not barricaded, not planked over and/or otherwise secured to prevent people from falling through same; further allowed concrete walls to remain in a dangerous, unconstructed and improper condition causing collapse and other falling hazards; further failed to provide proper scaffolding that was constructed, placed, operated and maintained; further failed to provide proper elevated work surfaces; further failed to provide proper safety devices to prevent a fall from an elevated work site; further failed to provide yoyos, and other devices to prevent falls from an elevated work site; further violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York Rule 23 of the Industrial Code of the State of New York specifically but not limited to 23-1.5, 23-1.7, 23-1.8, 23-1.15, 23-1.16, 23-1.17, 23-5, 23-6, and further violated, Article 1926 of O.S.H.A. and was otherwise generally negligent, careless and reckless causing claimant to sustain serious and severe injuries.

   Claimant was free from contributory negligence.

   *4. The items of damage or injuries claimed are (include dollar amounts)* Claimant, JOHN MOORE sustained multiple traumatic injuries to his head, neck and left shoulder, Claimant sustained loss of consciousness, closed head injury, severe injuries to his right upper extremity and multiple traumatic injuries the full nature and extent are not known at the present time, but claimant will be made available for a physical examination on behalf of NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION to fully determine the full amount of claimant's injuries.

TOTAL AMOUNT CLAIMED:   $20,000,000.00 JOHN MOORE

The undersigned *claimant(s) therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant(s) intend(s) to commence an action on this claim.*

Dated: September 22, 2004

X ......John Moore......
The name signed must be printed beneath

......................................
The name signed must be printed beneath

*Attorney(s) for Claimant(s)*
*Office and Post Office Address, Telephone Number*

SACKS AND SACKS, LLP
150 BROADWAY,  4TH FLOOR
New York, New York    10038
(212) 964-5570

**CORPORATE VERIFICATION**

*State of New York, County of*                    ss.:

*being duly sworn, deposes and says that deponent is the of*

*corporate claimant named in the within action; that deponent has read the foregoing Notice of Claim and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.*

*This verification is made by deponent because said claimant is a                corporation, and deponent an officer thereof, to wit its*

*The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:*

**INDIVIDUAL VERIFICATION**

*State of New York, County of*  New York    ss.:
    John Moore
*being duly sworn, deposes and says that deponent is the claimant in the within action; that ..he has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.*

*Sworn to before me, this  22nd*
*day of   September 2004  19*

*Sworn to before me, this*
*day of                    19*

In the Matter of the Claim of

JOHN MOORE

*against*

THE CITY OF NEW YORK

YORK CITY ECONOMIC DEVELOPMENT CORPORATION

Notice of Claim Against

the City of New York

SACKS AND SACKS LLP
*Attorney(s) for Claimant(s)*
*Office and Post Office Address*
150 BROADWAY, 4th FLOOR
New York, New York  10038
(212) 964-5570

# EXHIBIT 9



LICENSED AND BONDED
STATE OF NEW YORK & CONNECT

# CLAIMS SERVICE BUREAU OF NEW YORK I

**21 HEMPSTEAD AVENUE  P.O. BOX 805
LYNBROOK, N.Y. 11563**

(516) 593-2440   FAX: (516) 593-2
(718) 895-2400           (800) 433-9

February 4, 2005

Goldberg Segalla, LLP
170 Hamilton Avenue, Suite 203
White Plains, NY  10601

Attn:   Matthew J. McDermott, Esq.

**RE:   Moore v. Kel-Tech Construction, Inc.**

**Our Insd:   Kel-Tech Construction, Inc.**
**D/L:   9/16/04**
**Your File:   2845.0012**
**Our File:   SIR 26342**

Dear Mr. McDermott:

This will supplement Mr. Ciano's January 18, 2005 correspondence.

## INSURED INVESTIGATION:

Attached please find a signed statement from the Kel-Tech Project Manager, Thomas Lyons.  We also enclose a copy of a typed statement provided by Mr. Lyons, which indicates that Kel-Tech was instructed to stop building the walls for an elevator shaft due to the fact that McNulty Steel needed to install steel beams at the West Entrance, which is adjacent to the elevator shaft.  That continuation of building the CMU walls would have interfered with the installation of McNulty Steel's work.

Kel-Tech stopped working at the elevator shaft as instructed, but left with Kel-Tech's scaffolding in its position fully planked.

It was later learned that Skanska's laborer, identified as Mario Nicklo, demolished approximately 7 feet of the elevator shaft's CMU walls.  As he demolished the walls, he lowered some of the planks to perform his work, but did not fully plank out the scaffolding on the level on which he was working.  Kel-Tech did not return to work at this location, and continued working in a different area.  Kel-Tech is not aware of the reason why Skanska had to demolish the wall built by Kel-Tech.

Goldberg Segalla, LLP
Clmnt: John Moore
SIR 026342
February 4, 2005

- 2 -

Kel-Tech learned in September 2004 that one of McNulty Steel's workers was injured while installing beams. They learned that the worker was walking on the top of the elevator shaft CMU wall, which was partially demolished by Mario Nicklo, and that he slipped and fell into the elevator shaft. Kel-Tech returned to the shaft on November 8, 2004 to rebuild the partially demolished CMU.

We are also enclosing copies of the contracts, daily job records, and Certificate of Insurance.

Please be advised that we have been unable to contact the claimant attorney, Kenneth Sacks, to obtain the plaintiff's injury information.

Attached please find a copy of our correspondence forwarded to Kenneth Sacks requesting all medical information and documentation, lost wage information and plaintiff's date of birth and Social Security number.

Upon receipt of this documentation, we will forward same to you under separate cover.

**EXCESS CARRIER:**

On all future correspondence, kindly carbon copy Zurich Specialty Claims, which is the excess carrier for Kel-Tech Construction.

Should you have any further questions regarding this matter, kindly contact the undersigned.

Very truly yours,
**CLAIMS SERVICE BUREAU OF NEW YORK, INC.**

*Robert T. Riccobono*

**By:   Robert T. Riccobono, CPCU**
**RTR/kmo/encls.**

cc:   Zurich NA Specialty Claims, PO Box 66975, Chicago, IL 60866-0975,
       Attn: Peter Drever, Claim #942-0061942 (w/o enclosures)

# GOLDBERG SEGALLA LLP

*Attorneys at Law*

| Buffalo | Rochester | Albany | New York | White Plains |

Matthew J. McDermott

Direct Dial 914.798.5479
mmcdermott@goldbergsegalla.com

170 Hamilton Avenue/Suite 203
White Plains, New York 10601
914.798.5400  FAX 914.798.5401
www.goldbergsegalla.com

February 14, 2005

Mr. Robert Riccobono
Claims Service Bureau of New York Inc.
21 Hempstead Avenue
Post Office Box 805
Lynbrook, New York 11563

Re:     Moore v. New York City Economic Development Corp., et al.
        Claim No.:        SIR 26342
        Date of Loss:     9/16/04
        GS File No.:      2845.0012

Dear Mr. Riccobono:

Please allow this to acknowledge receipt of yours dated February 4, 2005, including voluminous investigation with regard to the above-referenced action. This action arises out of an accident that occurred on September 16, 2004, at the Staten Island Ferry Terminal. The plaintiff, John Moore, was a steel worker employed by A.J. McNulty. Our client, Kel-Tech Construction, Inc., was retained to perform masonry work at the site.

Tom Lyons was the Kel-Tech Project Manager assigned to the subject location, and your office has obtained a written statement from him. According to this statement, Kel-Tech began construction of a masonry block wall for a passenger elevator shaft on July 8, 2004. On or about July 23, 2004, Mike McFaddon of Skanska directed Kel-Tech to stop construction of the elevator shaft. The masonry work was reportedly stopped because another contractor, McNulty Steel, had to install some steel beams adjacent to the elevator shaft. Sometime later, Tom Lyons reportedly saw one of the laborers for Skanska demolishing a portion of the masonry elevator shaft that had previously been constructed by our client. It is unknown why a portion of our client's work was demolished by Skanska. According to Tom Lyons, Kel-Tech did not return to reconstruct the elevator shaft until November 8, 2004.

According to the written statement of Mr. Lyons, Kel-Tech stopped work on the subject elevator shaft at the end of July, 2004, and did not return to this location until November 8, 2004. The plaintiff's alleged accident occurred on September 16, 2004. It is reported that the plaintiff's accident occurred while he was walking on the edge of one of the partially demolished elevator shaft walls.

Affiliated with Studio Legale Casini, Milan and Viareggio, Italy

Moore v. New York City ...omic Development Corp., et al.
Claim No.:        SIR 26342
Date of Loss:     9/16/04
GS File No.:      2845.0012

February 14, 2005

Page -2-

I have reviewed the daily logs provided by our client. According to the logs, construction of the subject elevator shaft was commenced on July 8, 2004. The logs include notations of continuing work on the elevator shaft through July 19, 2004. Although the statement of Mr. Lyons indicates that Kel-Tech stopped work on the elevator shaft on or about July 23, 2004, there is no affirmative notation in the daily logs setting a stop date. While Mr. Lyons' statement indicates that Kel-Tech recommenced work on the elevator shaft on November 8, 2004, there is no notation in the daily log until November 11, 2004. That notation indicates "two brick layers back working on rebuilding elevator shaft." Although there appear to be slight discrepancies between Mr. Lyons' written statement and the notations contained in the daily logs, they certainly do not conflict with each other.

You have also provided me with voluminous contract documents for the subject project. From review of these materials, it appears that the initial project was contracted by New York City Economic Development Corporation to Shroid Construction, Inc. The contract work was awarded to Shroid, and a performance bond on behalf of Shroid was issued by Safeco Insurance Company. At some point, Shroid went into bankruptcy and was unable to fill its obligations on the construction contract. As a result, Safeco Insurance assumed the obligations of Shroid, and executed a "Take Over Agreement" with the NYCEDC dated June 22, 2004.

Safeco Insurance also entered a "Completion Contract/Masonry" with our client, Kel-Tech Construction for the completion of the outstanding work left by Shroid. The agreement between Safeco and Kel-Tech is dated June 29, 2004. Please note that this written agreement includes an indemnification clause running in favor or Safeco, NYCEDC, and the City of New York, for claims arising "out of any act or omission by [Kel-Tech]." The contract also includes an insurance procurement clause running in favor of Safeco, NYCEDC, City of New York, and "Construction Manager."

In the event that you have any questions regarding this matter, please do not hesitate to contact me at the number below.

Very truly yours,

MATTHEW J. McDERMOTT
(914) 798-5479

MJM:aha
31044

# EXHIBIT 10



**GOLDBERG SEGALLA** LLP
*Attorneys at Law*

**NEW YORK**
Buffalo ▪ Rochester ▪ Syracuse ▪ Albany
Manhattan ▪ White Plains ▪ Long Island

**NEW JERSEY**
Princeton

Matthew J. McDermott

Direct Dial 914.798.5179
mmcdermott@goldbergsegalla.com

170 Hamilton Avenue/Suite 203
White Plains, New York 10601-1717
914.798.5400 FAX 914.798.5401
www.goldbergsegalla.com

October 5, 2006

Kel-Tech Construction
251 Monitor Street
Brooklyn, New York 11222
Attn.: Christina

Re:     Moore v. New York City Economic Development Corp., et al.
        Claim No.:        SIR 26342
        Date of Loss:     9/16/04
        GS File No.:      2845.0012

Dear Christina:

Please be advised that your insurance company has recently directed that the defense of Kel-Tech Construction be transferred to the law firm of Wilson Bave Conboy Cozza & Couzens. You will find enclosed three original Consent to Change Attorney forms. Please have an officer of Kel-Tech Construction execute the forms before a notary public and return all three to my attention in the enclosed self addressed stamped envelope.

Please be advised that this request is time sensitive and we will like them back as soon as possible.

In the event that there are any questions, please do not hesitate to contact me at the number below.

Very truly yours,

MATTHEW J. McDERMOTT
(914) 798-5479

MJM:aha
Enclosure
61183.1

Moore v. New York City economic Development Corp., et al.

Christina
October 5, 2006

Page 2


cc:      (*w/o enclosure*)
Mr. Joseph G. Pavek
Claims Service Bureau
21 Hempstead Avenue
Post Office Box 805
Lynbrook, New York 11563

William H. Bave, Jr., Esq.
Wilson Bave Conboy Cozza & Couzens, P.C.
2 William Street
White Plains, New York 10601