UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WAUSAU UNDERWRITERS INSURANCE             **INDEX NO.: *06 CV 3212 (VM)***
COMPANY and AXIS SPECIALTY INSURANCE
COMPANY,                                                          **REPLY
                                                                  AFFIRMATION**

                          Plaintiffs,

      - against -

QBE INSURANCE COMPANY and
SCOTTSDALES INSURANCE COMPANY,                                    **ECF CASE**

                         Defendants.
-----------------------------------------------------------------X

      WILLIAM H. BAVE, JR. being duly sworn deposes and states:

1. This affirmation is in reply to Plaintiffs' opposition to Defendant's, **QBE**, cross motion for summary judgment.

2. Plaintiffs' attempt to salvage their position on the late notice issue by having Mr. Morrissiey execute another affidavit in which he claims that he "diligently and expeditiously" provided notice to **QBE** of this occurrence.

3. However, the "proof" submitted by Mr. Morrissiey only tends to support Defendant's position that notice of the occurrence was not provided "as soon as practicable".

4. Reduced to its essence, Plaintiffs' excuse for the almost three month delay is to place blame on the **NYCEDC** for failing to provide the information regarding the existence of **KEL-TECH** until December 13, 2004. However, the City of New York of which **NYCEDC** is a department was informing anyone who was interested including the attorneys for the Plaintiffs of **KEL-TECH's** alleged involvement as early as October 27th. **(EXHIBIT "A").**

5. Mr. Morrissiey's "investigation" consisted of a few calls to his insured and one telephone call and one e-mail to **NYCEDC**. Despite learning of **KEL-TECH's** existence on

November 19, 2004 he took no steps to place them on notice of the occurrence. In fact, another month passed before notice was given.

6. Plaintiffs argue that *QBE* must have received notice of the occurrence prior to the *WAUSAU* tender received on December 20, 2004. Of course, there is no proof submitted to support this claim but according to Plaintiff's attorney "it is quite possible" [Potashner aff. paragraph 6]. In any event, the law requires that the notice be provided by the additional insured who is seeking coverage. Therefore, the fact that *NYCEDC* provided timely notice does not inure to *WAUSAU's* benefit. Plaintiffs' emphasis on the fact that notice was provided prior to the commencement of the lawsuit is totally irrelevant to its duty to notify Defendant of the occurrence "as soon as practicable."

7. The argument that the underlying accident arose from *KEL-TECH's* work has no basis in the proof. Plaintiffs admit No. 50 of Defendant's Rule 56.1(b) Statement which stated that *KEL-TECH* was directed to cease work at the accident site almost two months before the accident.

8. Plaintiffs deny Defendant's Rule 56.1(b) Statements in No. 52 and No. 55 which are based on the affidavit of *KEL-TECH's* project manager (Ex. C in cross motion). In the affidavit based upon personal observation, Mr. Lyons states that he observed a *SKANSKA* employee, who he identifies by name, demolishing the concrete walls built by *KEL-TECH* in the shaft where the accident occurred. He also observed the same *SKANSKA* employee move the planks that *KEL-TECH* had placed to protect the opening. Plaintiffs deny these facts (Plaintiffs' response to Defendant's additional facts).

9. The basis of the denials and the proof Plaintiffs apparently rely upon to disprove the sworn statements of an eyewitness are three affidavits. The first is from the *WAUSAU*

claims person Michael Morrissiey referring to Plaintiff's complaint in the Moore action. The second is from Plaintiffs' attorney in the case at bar who references three exhibits for the denial of these facts. The first exhibit he relies on is the affidavit of Thomas Lyons, the second is the *A.J. McNULTY* accident report which blames the laborer for cutting the concrete and moving the planks and third the notice of claim which does not mention **KEL-TECH** at all.

10. The third affidavit is from the attorney representing **SKANSKA** and **NYCEDC** in the main action who relies on the Plaintiff's complaint and bill of particulars as his basis of denial of statements No. 52 and No. 55. The affidavits themselves have no probative value and the exhibits which they reference do not in any manner contradict or rebut the affidavit of Thomas Lyons.

11. If **KEL-TECH's** project manager, Thomas Lyons, did not accurately state what had occurred it would be expected that Mr. Kovner who represents **SKANSKA** would obtain an affidavit from someone with personal knowledge to rebut or at least create an issue of fact as to whether **SKANSKA** was responsible for the unsafe conditions that caused the accident.

12. Not only did Plaintiffs not rebut or contradict Defendant's proof they submit proof which supports it. Exhibit 7, the McNulty accident report in Item 14 entitled "How could the accident have been avoided" states "Laborer should have removed concrete brick after cutting with demo (sic) saw. Shaft also should have been properly covered".

13. This conclusion by a *McNULTY* employee corroborates Mr. Lyons' affidavit that a **SKANSKA** laborer demolished the concrete walls and moved the protective planks.

14. Plaintiffs' reference to the Notice of Claim in the main action (Plaintiffs' 8) does not mention **KEL-TECH** but does specifically allege negligence and Labor Law violations against **SKANSKA**.

15. While Plaintiffs seek coverage under Defendant's policy for *SKANSKA*, they have not provided the Court with all relevant documents. For example, while *SKANSKA* is an additional insured on *OWEN's* policy with *WAUSAU* pursuant to *OWEN's* contract with *NYCEDC* neither document was submitted to the Court. Attached at **EXHIBIT "B"** is the portion of the *WAUSAU* policy for *OWEN* entitled Additional Insured Endorsement – Written Contract. Plaintiffs' argument concerning priority of coverage neglected to reveal that as with *KEL-TECH*, *OWEN's* contract with *NYCEDC* requires *OWEN's* insurance coverage to be primary.

16. The facts established that pursuant to the law of the State of New York as stated in the cases cited in Defendant's briefs, Plaintiffs were required but failed to provide notice of the occurrence as soon as practicable. The facts also establish that the occurrence as testified to by Plaintiff in the main action did not arise from *KEL-TECH's* work but from the demolishing of that work by employees of *SKANSKA*.

17. As a result, Plaintiffs' motion for summary judgment should be denied in all respects and Defendant's cross motion granted.

_____
WILLIAM H. BAVE, JR.

Sworn to before me the
15th day of December 2006.

_____
**NOTARY PUBLIC**

YESICA MANON
Notary Public, State of New York
No. 01MA6135821
Qualified in Bronx County
Commission Expires 10/24/20 09



THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER
1 CENTRE STREET, NEW YORK, N.Y. 10007-2341

WILLIAM C. THOMPSON, JR.
COMPTROLLER

015 - 175

JOHN MOORE c/o SACKS & SACKS
150 BROADWAY  4TH FLOOR
NEW YORK, NY 10038

Date:      10/27/2004
Re.:       MOORE
Claim #:   2004PI020981
D/A:       9/16/2004

### THIRD PARTY NOTIFICATION

In reference to the above captioned claim, please be advised that our investigation reveals that a third party may be responsible for your loss or injury. Therefore, we recommend that you contact the following concerning your claim:

KEI TECH CONSTRUCTION INC.
251 MONITOR STREET
BROOKLYN, NY 11222

You may also pursue your claim against the City of New York by commencing an action within one year and ninety days from the date of the original accident/occurrence.

Very truly yours,

THOMAS ORAWIEC - EXAMINER
(212) 669-4765          Room 1220

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## Additional Insured Endorsement - Written Contract

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following paragraph is added to SECTION II - WHO IS AN INSURED:

5. Any person or organization other than a joint venture, for which you have agreed by written contract to procure bodily injury or property damage liability insurance, but only for liability arising out of your ongoing operations performed by you or on your behalf, provided that:

   a. This paragraph 5. does not apply to any agreement to provide insurance to:

      (1) An "employee", "volunteer worker", association of "employees" or labor union, except with respect to work performed by or for you or for such "employee", "volunteer worker", association of "employees" or labor union under direct contract between you as contractor and such "employee", "volunteer worker", association of "employees" or labor union as owners;

      (2) Any railroad company except with respect to work performed by or for you for such railroad company under direct contract or agreement between you and such railroad company;

      (3) Any person or organization whose profession, business or occupation is that of an architect, surveyor or engineer with respect to liability arising out of the preparation, approval, or failure to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs, drawings and specifications or the performance of any other professional services by such person or organization; and supervisory, inspection, architectural or engineering activities; or

      (4) Any of your subcontractors, or any partner, officer, agent, "employee", or "volunteer worker" of such subcontractor.

   b. The insurance afforded to any person or organization as an insured under this paragraph 5. shall include only the insurance that is required to be provided by the terms of such agreement to procure insurance, and then only to the extent that such insurance is included within the terms of this policy. A person or organization's status as an insured under this endorsement ends when your operations for that insured are completed.

   c. This insurance shall apply as excess over any other insurance whether primary, excess, contingent or on any other basis, unless the written contract specifically requires this insurance to be primary.

   d. The limits of insurance applicable to such insurance shall be the lesser of the limits required by the agreement between the parties or the limits provided by this policy.

   e. Additional exclusions. The insurance afforded to any person or organization as an insured under this paragraph 5. does not apply:

      (1) To "bodily injury" or "property damage" which occurs prior to the date of our contract with such person or organization;

      (2) To "bodily injury" or "property damage" included within the "products/completed operations hazard" unless such coverage is required by an "insured contract" between you and the additional insured.

GL2008
10-01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WAUSAU UNDERWRITERS INSURANCE            *INDEX NO.: 06 CV 3212 (VM)*
COMPANY and AXIS SPECIALTY INSURANCE
COMPANY,                                         MEMORANDUM
                                                  OF LAW

                        Plaintiffs,

        - against -

QBE INSURANCE COMPANY and
SCOTTSDALES INSURANCE COMPANY,                   ECF CASE

                        Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Defendant, **QBE**, in support of its cross motion for summary judgment and in reply to Plaintiffs' affirmation in opposition submits this reply memorandum.

The Plaintiffs' submissions fail to support the relief which they seek. Defendant has submitted proof in admissible form establishing that Plaintiffs are not entitled to coverage under its policy for **KEL-TECH** because of Plaintiffs' failure to provide notice of the occurrence pursuant to the terms of the policy. Plaintiffs' argument with respect to their claim that they were not required to give notice has no basis in fact or law.

Defendant's proof that the condition precedent to entitlement to additional insured status was not met is uncontradicted. Plaintiffs have failed to submit proof in admissible form to rebut or contradict Defendant's proof that **SKANSKA**, the general contractor for which Plaintiffs seek coverage was solely responsible for the conditions giving rise to the accident.

Plaintiffs' failure of proof on these issues, upon which they carry the burden that there are no issues of fact, requires the denial of their motion. Defendant's cross motion has established

that the Plaintiffs failed to give notice as required pursuant to the policy and results in no coverage to *SKANSKA*. Likewise the fact that the accident did not arise from Defendant's insured's work also requires a finding that there is no coverage for *SKANSKA* under Defendant's policy.

### STATEMENT OF FACTS

Plaintiffs' reply and opposition submission contains another affidavit from the *WAUSAU* Director of Complex Claims, Michael Morrissiey. In it he states the efforts he made to identify other contractors and their insureds so as to give notice of the occurrence which he presumably knew was required under the terms of the policies. The efforts consist of a few telephone calls and one e-mail. There was a delay of almost ninety (90) days in providing the notice to Defendant. Based upon the cases cited in Defendant's brief in support of the cross motion, the notice must be considered late as a matter of law.

In an effort to deny Defendant's proof provided by project manager, Thomas Lyons, that the accident did not arise from *KEL-TECH's* work, Plaintiffs refer the court to three affidavits. There is no admissible proof in any of the affidavits that contradicts Defendant's proof on this issue. It is therefore uncontraverted that *SKANSKA* was responsible for the conditions at the accident scene.

### POINT I

### ADDITIONAL INSURED IS REQUIRED TO PROVIDE TIMELY NOTICE OF AN OCCURRENCE

Plaintiffs argue that the notice provisions of Defendant's insurance policy with *KEL-TECH* do not apply to *SKANSKA*, an additional insured. The argument is based upon the phrase "You and any other involved insured" concerning the forwarding of notices and other legal

documents. Since the phrase is not used in the "Duties in the Event of Occurrence, Claim or Suit" section of the policy, the Plaintiffs argue that section does not apply to an additional insured.

"Unless otherwise defined by the policy, words and phrases are to be understood in their plan, ordinary, and popularly understood sense". *Tower Insurance Company of New York v. Corlette*, 2006 N.Y. Slip Op 8970; 2006 N.Y. App. Div. Lexis 14290 citing *Government Empls. Ins. Co. v. Kligler*, 42 N.Y.2d 863; *Raino v. Navigators Ins. Co.* 268 A.D.2d 419. "You" is defined as either the Named Insured shown in declarations and (italics added) any other person qualifying as a Named Insured under the policy. The Additional Insured Endorsement amends the definition of who is insured to include an additional insured but only with respect to liability arising out of "your work".

"Where the provisions of the policy are clear and unambiguous, they must be given their plan and ordinary meaning and courts should refrain from rewriting the agreement". *Tower Insurance Company of New York v. Corlette*, supra quoting *Logan's Silo Sales & Serv., Inc. v. National Mut. Fire Ins. Co.*, 185 A.D.2d 651. Applying these principals to the *QBE* policy section entitled "Duties In Event of Occurrence, Offense, Claim or Suit", the "You" applies to all insureds whether named or additional. This notice provision of the policy is the standard form Commercial General Liability policy CG 00010798 used by virtually all carriers writing commercial general liability coverage.

Plaintiffs' argument on this issue can best be described as strained. There is no logic or reason to relieve an additional insured of the policy conditions applicable to all other insureds. This is especially true when the law in New York is settled that additional insureds have the

same duty to provide timely notice as other insureds. ***Amer. Mfrs. Mut. Ins. Co. v. CMA Enters.***, 246 A.D.2d 373 (1st Dept. 1998).

Likewise, Plaintiffs' argument that since **NYCEDC** gave timely notice, **SKANSKA** is relieved from the contractual obligation to do so is without merit. The law in New York on this issue is clear. The additional insured has an independent responsibility to give timely notice of an occurrence even if the insurer received notice from another source. ***Structure Tone v. Burgess Steel Prods. Corp.***, 249 A.D.2d 144, 145 (1st Dept. 1998), ***City of New York v. St. Paul Fire & Marine Ins. Co.***, 21 A.D.3d 978, 981 (2nd Dept. 2005). Plaintiffs' citation of ***U.S. Underwriters Ins. Co. v. City Club Hotel, LLC***, 369 F.3d 102 (2nd Cir. N.Y. 2004) dealt with the issue of the time in which an insurer must disclaim coverage which is an entirely separate issue. The case of ***National Union Fire Ins. Co. of Pittsburgh, PA v. Insurance Co. of North America***, 188 A.D.2d 259 (1st Dept. 1992) is also distinguishable from the case at bar. In ***National Union***, the party seeking coverage that did not give notice was an employee of the insured. The Court found that the employer and employee were united in interest and did not assert cross claims. This is hardly the situation here. To the same point is ***Rose v. State***, 265 A.D.2d 473 (2nd Dept. 1999) where the Court found that the contractor who procured the coverage and the State were united in interest.

Plaintiffs seek to shorten the period of their failure to give timely notice by arguing that **SKANSKA** did not tender to them until November 12th. However, while **WAUSAU** will not state the date it received notice of the occurrence, the fact is that **McNULTY** filed an accident report the day of the accident and **WAUSAU** insured the steel contractor, **OWEN**.

When the efforts to notify applicable insurers of the occurrence are examined it is clear that they fall short of reasonable. There are two telephone calls to their insureds and a receipt of

some accident related documents in early October 2004. Plaintiffs admit they were aware of possible involvement of masonry contractors on October 5 or October 7. Another telephone call was placed to a Mr. Doerr but he wasn't available. Thirteen days later Mr. Morrissiey calls *NYCEDC* and asks for contracts. Then on October 26, 2004 he makes phone calls to persons that he was already aware had no relevant information. On November 19, 2004 he calls *NYCEDC* again.

The efforts to secure the relevant information from the obvious source *(NYCEDC)* totaled two telephone calls and one e-mail. Reasonable efforts would have included sending an investigator to meet with *NYCEDC* to review the applicable documents. This could have been done in mid October since *NYCEDC* was cooperating with Plaintiffs. There was no investigation as such conducted by Plaintiffs but a half hearted effort consisting of a few phone calls and one e-mail. This effort could not be regarded as reasonable. *Sayed v. Macari*, 296 A.D.2d 396, 397 (2nd Dept. 2002), *Power Authority State of New York v. Westinghouse Electric Corp.*, 117 A.D.2d 336, 339-340 (1st Dept. 1986).

With the weight of authority highlighting the unreasonableness of the stated efforts, Plaintiffs cite *Ostrego Mut. Fire Ins. Co. v. Darby*m 79 Misc.2d 80 to presumably support their position. *Ostrego* involved a homeowner's policy regarding coverage on a claim of late notice. The case stands for the proposition that a delay in notice by an additional insured who did not know they were an additional insured is excusable, *Ostrego, supra, p.87*. Another factor cited by the Court was that the additional insured was an infant. The facts of *Ostrego* are clearly distinguishable for the case at bar.

## POINT II

### THERE IS NO "REASONABLE POSSIBILITY" THAT THE ACCIDENT AROSE OUT OF *KEL-TECH's* WORK

Defendant, *QBE*, has submitted uncontradicted proof that the conditions that gave use to this accident were caused solely by an employee of *SKANSKA*. It is further uncontradicted that *KEL-TECH* was directed by *SKANSKA* to cease work in the area and in fact had not worked in the area for almost two months before the accident.

Plaintiffs' assertion that the liability of *SKANSKA* and *NYCEDC* would necessarily stem from *KEL-TECH's* work is erroneous. In fact the proof is quite persuasive that the sole cause of the conditions giving rise to the accident was the demolishing of the concrete wall and moving of the planks. Based upon the proof submitted by Defendant, it is respectfully submitted that this Court should find that the accident did not rise from *KEL-TECH's* work. *AIU Ins. Co. v. Am. Motorists Ins. Co.*, 8 A.D.3d 83, 85 (1st Dept. 2004).

Contrary to Plaintiffs' position, and as pointed out in the dissent in *BP Air Conditioning Corp. v. One Beacon*, 33 A.D.3d 116 (1st Dept. 2006) there is a distinction between a duty to defend a named insured and the duty to defend an additional insured. The issue as to whether a party is an additional insured is conditioned on whether the accident rose from the work of the named insured. *BP Air Conditioning Corp. v. One Beacon*, supra p. 137. This is the point made in *N. Kruger, Inc. v. CNA*, 242 A.D.2d 566 (2nd Dept. 1997), namely, that before a party is entitled to additional insured coverage the conditions for coverage in the additional insured endorsement must be met.

The relief sought by Plaintiffs in this action is not directly on their behalf. The Plaintiffs are insurers for the steel erection contractor (*WAUSAU*) and subcontractor (*AXIS SPECIALTY*). One or both of them are presently defending *SKANSKA* in the main action. Clearly, the accident

in the main action arose out of the work of the Plaintiffs' insureds. Neither of the Plaintiffs' insureds are additional insureds on **QBE's** policy for **KEL-TECH**. Plaintiffs seek to shift their responsibility for the defense of **SKANSKA** to a concrete subcontractor that had no control over the site of the accident or supervision over the work being performed. The only admissible evidence of responsibility directly implicates **SKANSKA** as causing the unsafe conditions that contributed to the accident.

## POINT III

### PLAINTIFFS' HAVE FAILED TO ESTABLISH THEIR RIGHT TO SUMMARY JUDGMENT

While Defendant submits that it is entitled to summary judgment on its cross claim that it is not obligated to defend **SKANSKA** in the underlying action, there are at a minimum questions of fact that preclude the granting of its Plaintiffs' motion. *Hudson Hotels Corp. v. Choice Hotels International*, 995 F.2d 1173, 1175 (2nd Cir. 1993), *Suburban Propane Proctor Gas, Inc.*, 953 F2d 780, 788 (2d Cir. 1992).

The questions of fact also apply to Plaintiffs' priority of insurance coverage argument. **WAUSAU** did not submit their policy for **OWEN** to the Court. Nor has **OWEN's** contract with **NYCEDC** been produced. **WAUSAU's** Additional Insured Endorsement – Written Contract **EXHIBIT "B"**) states at 5(c)

> This insurance shall apply as excess over any other insurance whether primary, excess, contingent or any other basis, *unless the written contract specifically requires this insurance to be primary*. *(italics supplied)*

While Plaintiffs did not submit the contract between **OWEN STEEL** and **NYCEDC** they did submit the agreement between **NYCEDC** and Shroid Construction (predecessor of **KEL-TECH**) (Ex. 3 in Plaintiffs' motion). Article X, the insurance provisions on page 27 requires

that the contractor's insurance policies "shall constitute primary coverage for claims arising out of this contract".

While Plaintiffs neglected to submit to the Court the Contract between *NYCEDC* and *OWEN* this provision concerning primary coverage would certainly be in it. In any event, Plaintffs' failure to submit proof that its coverage is not required to be primary creates an issue of fact even as to priority of coverage on whether there exists a co-insurance situation. <u>*Cordial Greens Country Club, Inc. v. Aetna Casualty & Surety Co.*</u>, 41 NY2d 996, 997.

Dated: White Plains, New York
       December 15, 2006

Respectfully submitted,

WILSON, BAVE, CONBOY, COZZA & COUZENS, P.C.

_____
WILLIAM H. BAVE, JR. (0349)
Attorney for Defendant, *QBE INSURANCE COMPANY*
Two William Street
White Plains, NY  10601
(914) 686-9010