LAW OFFICES OF
**KRAL, CLERKIN, REDMOND, PERRY & GIRVAN, LLP**

69 EAST JERICHO TURNPIKE
MINEOLA, NEW YORK 11501

NEW YORK OFFICE
170 Broadway
New York, New York 10038
(212) 406-9710
Fax (212) 571-0874

(516) 742-3470
FAX (516) 742-6243

Andrew J. Mihalick – Ext. 213
amihalick@kcrrpg.com

March 14, 2007

SUFFOLK OFFICE
496 Smithtown Bypass
Smithtown, New York 11787
(631) 265-0134
Fax (631) 265-4289



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/07

RECEIVED MAR 19 2007 CHAMBERS OF THEODORE H. KATZ U.S. MAGISTRATE JUDGE

Honorable Theodore H. Katz
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street; Room 1660
New York, New York 10007-1312

    Re:   <u>Wausau Underwriters Ins. Co., *et al.*, v. QBE Insurance Corp., *et al.*</u>
            Civil Action No. 06 CV 3212 (VM) (THK)
            <u>Our File No. 111059</u>

Dear Judge Katz:

    This firm represents Defendant Scottsdale Insurance Company ("Scottsdale") in the referenced matter. This is in response to Plaintiffs' March 5, 2007 letter to the Court purporting to raise, at best, premature and ultimately groundless issues with respect to Scottsdale's February 26, 2007 correspondence regarding its responses to Plaintiffs' discovery demands.

    Paragraphs 1, 3, and 5 of Plaintiffs' letter attempt to create issues where none exist. Scottsdale has, pursuant to Your Honor's March 5, 2007 Memo Endorsed Order, sent a Confidentiality Agreement and Order to counsel for Plaintiffs and Co-Defendant QBE Insurance Company for signature. Once that has been signed, I will file it to be "so ordered," and make the production of documents pursuant to Scottsdale's February 26, 2007 correspondence, and as referred to in the Memo Endorsed Order. Paragraph 5 of Plaintiffs' letter ignores the sequence established by the Memo Endorsed Order, that the parties execute a confidentiality order before Scottsdale's production of documents.

    In the event that Scottsdale asserts a claim of privilege with respect to any responsive documents properly requested by Plaintiffs, Scottsdale will comply with its obligations under the Federal Rules of Civil Procedure regarding such claims. As discussed in its February 26, 2007 correspondence, however, (and contrary to the penultimate paragraph of Plaintiffs' March 5, 2007 letter) neither the Federal Rules of Civil Procedure nor Local Rule 26.2 require Scottsdale to provide a privilege log with respect to documents, if any, whose production is objectionable in the first instance due to their lack of relevance or the vagueness, overbreadth, or undue burden of the demands, unless and until those fundamental objections have been decided.



KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, LLP

Page 2
March 14, 2007
Honorable Theodore H. Katz

    Paragraph 2 of Plaintiffs' letter likewise attempts to raise a non-issue. In its February 26, 2007 correspondence, Scottsdale has offered to make available for Plaintiffs' inspection "a copy of the non-privileged and non-work-product portions of its claim file with respect to the loss claimed in the underlying action and which were created on or before the date of service of the underlying lawsuit on Scottsdale's insured." Nothing in Paragraph 2 of that letter limits that response in any additional way. Given the breadth and vagueness of Plaintiffs' document demand (notwithstanding its use of defined terms), Scottsdale properly sought to provide a concise description of certain of the documents in the claim file that it has offered to make available to Plaintiffs.

    In Paragraph 4 of their March 5, 2007 letter, Plaintiffs appear to complain that they do not know if their own files include copies of pleadings, discovery demands and responses, and correspondence, if any, from Scottsdale or its attorneys to Plaintiffs or other parties or their attorneys. They then demand that Scottsdale be put to the time and expense of producing its copies of such documents, so that Plaintiffs can reassure themselves that they haven't misplaced a document. If Plaintiffs have any reasonable basis to suspect that they may not have received a document that has or should have been sent to them, they should advise the Court of the specifics, so that a focused response can be made, rather than cavalierly demanding the re-production of documents they likely already have.

    Contrary to the January 14, 2005 statement of Plaintiff Wausau Underwriters, that they had a copy of their own insured's contract between their insured and Scottsdale's insured, Plaintiffs now assert that they do not have the entire contract, and seek to impose on Scottsdale the burden of providing them with a copy of their own document. Clearly, the burden on Plaintiffs of obtaining that document from Wausau's insured is less than the burden of production they seek to impose upon Scottsdale. Accordingly, it is respectfully submitted that they should not be permitted to shift that burden to Scottsdale.

    In its February 26, 2007 letter, Scottsdale provided a full and detailed explanation of why its identification of its claim examiner assigned to this claim, James Hardina, was and remains a fully proper response to Plaintiffs' Interrogatory Nos. 1, 2, 3, and 6. As Scottsdale explained, Mr. Hardina had the primary responsibility for the investigation of the facts of the underlying accident, the analysis of coverage questions, and the decision as to whether or not there was any coverage to begin with, as well as other policy-related defenses that might be available. Mr. Hardina was also responsible for the receipt and collection of relevant documents for inclusion in the claim file.

    Plaintiffs now disingenuously complain that Scottsdale has identified the employee best able to answer their questions about Scottsdale's investigation, its decision regarding coverage, and the maintenance of the claim file, rather than attempting to locate and identify less knowledgeable individuals. Further, Plaintiffs also suggest, rather incredibly, that it will be more costly to them to depose the Scottsdale employee who had principal responsibility for the handling of

KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, LLP

Page 3
March 14, 2007
Honorable Theodore H. Katz

the underlying claim, than it would be to depose other persons (if any) who may have had some indirect or peripheral involvement with the claim.

Scottsdale again respectfully suggests that a conference with the Court would not be a productive use of either the Court's or the parties time unless and until Plaintiffs have taken the time to examine the materials to be produced by Scottsdale and can identify specific, relevant additional discovery that they claim then remains.

Thank you for your attention to this matter.

Very truly yours,

Andrew J. Mihalick

cc: Marshall T. Potashner, Esq.
William H. Bave, Esq.
Leonard Porcelli, Esq.

*The Court has considered the parties' submissions and its rulings are set forth in the margins above.*

3/20/07

SO ORDERED

THEODORE H. KATZ
UNITED STATES MAGISTRATE