JAFFE & ASHER
ATTORNEYS AT LAW

RECEIVED
MAR 30 2007
CHAMBERS OF
THEODORE H. KATZ
U.S. MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/07

PLEASE REPLY TO NEW YORK OFFICE
ESTABLISHED 1974

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
(212) 687-9639 (FAX)

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6074 (FAX)

March 28, 2007

Hon. Theodore H. Katz
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1660
New York, NY 10007-1312

> **Re:   Wausau Underwriters Ins. Co. et al. v. QBE Ins. Corp., et al.**
> **Civil Action No. 06 Civ. 3212 (VM)(THK)**

Dear Magistrate Judge Katz:

Our firm represents plaintiffs WAUSAU UNDERWRITERS INSURANCE COMPANY ("Wausau") and AXIS SPECIALTY INSURANCE COMPANY ("Axis") in the above-referenced matter. We write pursuant to Your Honor's direction in the Memo Endorsed Order filed on March 20, 2007. At the end of the second paragraph of the second page of that letter which your Honor Memo Endorsed, Andrew J Mihalick, Esq. wrote as follows:

> If Plaintiffs have any reasonable basis to suspect that they may not have received a document that has or should have been sent to them, they should advise the Court of the specifics, so that a focused response can be made, rather than cavalierly demanding the re-production of documents they likely already have.

Your Honor wrote "OK" next to this paragraph. This letter responds to this sentence, which we understand is now the Court's directive by reason of its Order.

As set forth in our letters of February 6, 2007 and March 5, 2007, this paragraph relates to the following specific document request:

> Documents concerning communications with plaintiffs or any of the parties to the Underlying Action, or any of their

Hon. Theodore H. Katz
March 28, 2007
Page 2

counsel, concerning the Underlying Action.

We disagree with the term "re-production of documents", since Scottsdale have never produced any such documents in the first place, and we disagree that Scottsdale may refuse discovery because plaintiffs may also have copies of the same documents. See Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 240 (W.D.N.Y. 1998). We, however, do not intend to reargue these determinations by your Honor, and will raise the issues with the District Judge via appropriate objection. This letter is limited to the specifics of what we request in response to your Honor's Order.

We believe the demand is highly specific, in that it is limited to a relative narrow scope of documents – only those "concerning communications . . . concerning the Underlying Action." The terms "document", "concerning", and "communications" are specifically defined terms pursuant to Local Civil Rule 26.3(b). The term "Underlying Action" is specifically defined to mean and refer to the lawsuit entitled John Moore v. New York City Economic Development Corp., New York City Department of Transportation, Barney Skanska Construction Company, Kel Tech Construction Inc., Index No. 13658/04, in the Supreme Court of the State of New York, County of Richmond. The Underlying Action is the specific claim for which insurance coverage from defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale") is sought in this action. Neither Wausau nor Axis is a party to the Underlying Action.

It is clear that plaintiffs would not have copies of responsive documents with respect to "[d]ocuments concerning communications with . . . any of the parties to the Underlying Action, or any of their counsel, concerning the Underlying Action" that were not addressed to either Wausau or Axis. For example, a letter from Scottsdale to John Moore's counsel that was not cc'ed to either Wausau or Axis would not be in our possession. As such, at the very least, this Court should direct Scottsdale to produce copies of the requested documents to the extent that they, on their face, do not indicate that copies were previously sent to Wausau or Axis.

With respect to the remaining documents plaintiffs seek, it impossible to determine whether we have copies of all responsive documents to the extent Scottsdale believes we have a copy. We only know what we have. Even with respect to the documents we have in our possession, we do not know whether they are exact duplicates of the documents in Scottsdale's possession. For example, it is not uncommon for a claims examiner to make handwritten notes on copy of a typed letter.

To that end, if Scottsdale believes that production of such documents is

Hon. Theodore H. Katz
March 28, 2007
Page 3

overly burdensome (and it has not quantified the number of pages responsive to this request), we suggest that Scottsdale's attorneys review the documents we have in our possession that fall within this category to determine whether they have any additional documents. If the documents in our possession are exactly duplicative, they can produce an affidavit certifying that "Scottsdale has undertaken a diligent investigation to locate all documents in its possession concerning communications with plaintiffs or any of the parties to the Underlying Action, or any of their counsel, concerning the Underlying Action (as defined in plaintiffs' document request), and has determined that it has no documents in its possession other than those that are exactly duplicative of documents in the possession of plaintiffs or which Scottsdale has produced to plaintiffs." Such an affidavit would resolve any issues regarding production of duplicative documents.

All of the documents sought are highly relevant to the issues in this case. Among other defenses, Scottsdale has raised that it is not obligated to pay for the defense of the Underlying Action because it did not receive timely notice (fourth affirmative defense), and that it is not obligated to pay for the defense prior to "notification of the suit to" Scottsdale (Tenth Affirmative Defense). The documents addressed in this letter will bear directly on those issues. In addition, these documents will disclose information concerning the investigation undertaken by Scottsdale prior to its denial of coverage.

Respectfully Submitted,

Marshall T. Potashner

MTP:mp
cc: Leonard Porcelli, Esq.
    William H. Bave, Jr., Esq.

*The request is granted. Scottsdale will produce documents concerning communications with any of the parties to the underlying action of their counsel, concerning the underlying action.*

**SO ORDERED**
4/5/07

———————————————
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE