LAW OFFICES OF
# KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, LLP

69 EAST JERICHO TURNPIKE
MINEOLA, NEW YORK 11501

(516) 742-3470
FAX (516) 742-6243

NEW YORK OFFICE
170 Broadway
New York, New York 10038
(212) 406-9710
Fax (212) 571-0874

SUFFOLK OFFICE
496 Smithtown Bypass
Smithtown, New York 11787
(631) 265-0134
Fax (631) 265-4289

Andrew J. Mihalick – Ext. 213
amihalick@kcrrpg.com

April 23, 2007

**BY ECF ONLY**

Honorable Theodore H. Katz
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street; Room 1660
New York, New York  10007-1312

      Re:    Wausau Underwriters Ins. Co., *et al.*, v. QBE Insurance Corp., *et al.*
              Civil Action No. 06 CV 3212 (VM) (THK)
              Our File No. 111059

Dear Judge Katz:

      This firm represents Defendant Scottsdale Insurance Company ("Scottsdale") in the referenced matter. Consistent with your March 5, 2007 memo endorsed order, attached is a fully-executed Stipulation and Order re: Confidentiality. We respectfully request that you "so order" and enter the Stipulation and Order.

      Further pursuant to you March 5, 2007 order, Scottsdale hereby makes available for inspection by other parties to this action the documents described in, and pursuant to, its February 26, 2007 letter to the Court. I request that counsel for the other parties contact the undersigned to arrange for a mutually convenient date and time for the inspection.

      Thank you for your attention to this matter.

                                Very truly yours,

                                Andrew J. Mihalick

Enc.
cc:    William H. Bave, Esq.
        Marshall T. Potashner, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WAUSAU UNDERWRITERS INSURANCE
COMPANY and AXIS SPECIALTY INSURANCE     Index No. 06 CV 3212 (VM)
COMPANY,

                Plaintiffs,

  -against-                                  **STIPULATION AND ORDER
                                              RE: CONFIDENTIALITY**

QBE INSURANCE CORPORATION and
SCOTTSDALE INSURANCE COMPANY,

                Defendants.
-----------------------------------------------------------x

        **IT IS HEREBY STIPULATED AND AGREED** by all parties to this action, by and through their respective attorneys, that the following conditions shall regulate the disclosure, use, and handling of certain documents and information produced in discovery by the parties in this action:

        1.     This Confidentiality Order shall govern the disclosure, use, and handling of all documents (including, but not limited to photographs, films, videotapes, and audiotapes, regardless of the form or format in which created, stored, or maintained) and the information contained therein, testimony or information (all of the preceding, without limitation, referred to hereinafter as "Documents or Information") produced or given in this action which is designated to be subject to this Order in accordance with the terms hereof.

1

2. Any party producing or filing Documents or Information in this action may designate such materials and the information contained therein as being subject to this Order by typing, stamping, or otherwise printing, on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential" ("Confidential Documents or Information"). Alternatively, any party producing or filing Documents or Information may designate such materials and the information contained therein as being subject to this Order in a letter delivered to all other counsel, identifying by Bates-Number all such Documents or Information to be treated as Confidential. In the event that Documents or Information which the producing party wishes to designate as "Confidential Documents or Information" are produced in any electronic form, or on film, videotape, or audiotape, the "Confidential" designation shall be clearly set out on the disc, CD, reel, cassette, or other device containing the Documents or Information. All transcripts of depositions containing testimony, or hearings, which relate to "Confidential" materials shall be deemed "Confidential." Testimony given at a deposition or hearing may be designated "Confidential" by an appropriate statement at the time of the deposition or hearing, or by subsequent written notice by any party. No documents produced, served, or filed in the underlying action entitled <u>John Moore v. New York City Economic Development Corp., New York City Department of Transportation, Barney Skanska Construction Company, Kel Tech Construction Inc.</u>, Index No. 13658/04, pending in the Supreme Court of the State of New York, County of Richmond, (the "Underlying Action") may be designated confidential pursuant to this Stipulation and Order, unless

such document was previously designated as confidential pursuant to a stipulation and/or order regulating the use of such document in the Underlying Action.

3. To the extent that any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the court incorporate Documents or Information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal. This requirement of filing documents under seal is expressly conditioned upon the party which designated the document confidential obtaining an order from the Court directing the clerk to accept for filing under seal any documents deemed confidential pursuant to this Stipulation and Order.

4. In the event that any party disagrees with the designation of any Document or Information as "Confidential," that party shall advise counsel designating the Document or Information as "Confidential" in writing of their objection and the specific bases therefore, and identify the document or item with sufficient specificity to permit the designating party to identify it. Counsel for the designating party shall give good faith consideration to such a written request. Within twenty (20) days of receiving this written objection, counsel for the designating party shall advise counsel for the objecting party whether the designating party will change the designation of the document or item. If counsel for the parties are unable to resolve a disputed designation after a good faith effort to do so on an informal basis, any party may present the matter to the Court for resolution. During the pendency of any such dispute, the designated document or item

shall continue to be treated as "Confidential," and subject to the provisions of this Stipulation.

5. All Documents and Information subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person who receives it in this action, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order, or to analyze the merits of the claims and defenses alleged by any party to this action.

6. Except with the prior written consent of the party asserting confidential treatment, any Document or Information given Confidential treatment under this Order, and any information contained in, or derived from, any such materials (i) may not be disclosed other than in accordance with this Order, and (ii) may not be disclosed to any person other than (a) the Court and its personnel, to the extent necessary for the conduct of this litigation; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel, and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) actual or potential fact witnesses, including persons noticed for deposition; (e) expert witnesses, consulting experts, and other independent consultants engaged by counsel to assist in the above-captioned action; (f) a party's reinsurer; and (g) outside or in-house auditors and/or federal, state and other

regulatory agencies, including their employees and representatives, to whom the parties have a statutory obligation to transmit or report what is otherwise deemed Confidential information.

7. Documents or Information produced pursuant to this Stipulation and Order shall not be made available to any person designated in subparagraph (d) or (e) of paragraph 6 unless he or she shall have first read this order and agrees in writing to be bound by its terms, except that there is no requirement that a witness sign any writing if they are shown any document or testimony at a deposition, hearing, or trial of this action. The requirement of obtaining such a signed statement may be satisfied by obtaining the signature of such person on a copy of this Confidentiality Order. A copy of such signed statement shall be forwarded to all counsel of record, except the signed statements of consulting experts. Consistent with the Federal Rules of Civil Procedure and the attorney work product privilege, counsel may retain and not forward signed statements of consulting experts unless and until the consulting experts are disclosed as testifying experts. If counsel elects not to forward signed statements of consulting experts in order to preserve confidentially of such experts consistent with the Federal Rules of Civil Procedure and the work product doctrine, counsel shall maintain all such statements for one (1) year after the conclusion of this case, including any appeal. All persons receiving any Document or Information produced subject to this Order shall be advised, in writing, of its Confidential nature. All persons to whom Confidential Documents or Information are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and

5

are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such Confidential Documents or Information shall disseminate or disclose them to any person other than those described above in paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such Confidential Document or Information, and provided further that no person designated in subparagraph (d) or (e) of paragraph 6 shall disseminate or disclose Confidential Documents or Information to any other person for any reason whatsoever. The disclosure or dissemination of Confidential Documents or Information, by any person receiving such Documents or Information, to any person not qualified to receive Confidential Documents or Information pursuant to this Confidentiality Order and subject to its terms, or without following the terms and conditions of this Confidentiality Order, may subject the person making such disclosure to a finding of contempt and the imposition of sanctions, fees, costs, or other penalties, as determined by the Court. Each person to whom disclosure of Confidential Documents or Information is made pursuant to this Order shall subject himself or herself to the jurisdiction of this Court for the purposes of contempt proceedings in the event of any violation of this Confidentiality Order.

8. Nothing in this Order shall prevent a party from using any Documents or Information designated as "Confidential" at the trial of this matter. Nothing contained in this Confidentiality Order is or shall be construed as a waiver of any

objection which might be raised as to the admissibility at trial of any evidentiary material, including any Confidential Document or Information subject to this Confidentiality Order.

9.  This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any Document or Information as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Nothing contained herein shall prejudice the right of any party to object to any discovery or discovery demand on any ground including, but not limited to relevance, privilege, materiality, or undue burden, or be deemed a waiver of any such objection.

10. Within thirty (30) days after the final termination of this litigation, including all appeals, all Documents or Information afforded Confidential treatment pursuant to this Order, including all extracts, summaries or compilations taken therefrom, but excluding any such materials which, in the good faith judgment of counsel, are work product materials, shall be destroyed or returned to the party having produced or furnished same, along with a certification by affidavit or attorney affirmation that all copies of the Confidential Documents or Information have been so returned or have been destroyed. Notwithstanding the foregoing, (i) an insurer or reinsurer may retain possession of Confidential Documents or Information until ten (10) days after it resolves any reinsurance issues, at which time the materials shall be destroyed or returned to the party having produced or furnished same, and (ii) the attorney for a party may, if required by that attorney's or his or her firm's legal liability insurance policy, keep one copy of the

Confidential Documents or Information in their closed files under confidential seal for the exclusive purpose of maintaining an accurate record of the work done on this case, for only as long as such retention is required by such policy.

11.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents, or to information obtained or developed independently of Confidential Documents or Information.

12.     This agreement shall be binding on the parties to this litigation, their attorneys, and the agents, employees, consultants and other person employed or retained by the parties or their attorneys.

13.     A party may deem a document, deposition testimony or other materials confidential within thirty (30) days of its production. Notwithstanding the foregoing, within thirty (30) days of the entry of this Stipulation and Order, a party may deem Confidential any document, deposition testimony or other materials previously produced in this action.

14.     This Confidentiality Order may be signed in counterparts, all of which together shall constitute one and the same instrument, and which may be presented to the Court to be "so ordered." Further, a facsimile copy of a counterpart signature shall be deemed to be an original.

Dated: New York, New York
       March 28, 2007

WILSON, BAVE, CONBOY, COZZA
  & COUZENS, P.C.

By: _____
    William H. Bave, Jr. (WHB-0349)
Attorneys for Defendant
QBE INSURANCE CORPORATION
Two Williams Street
White Plains, New York 10601
(914) 686-9010

JAFFE & ASHER LLP

By: _____
    Marshall T. Potashner (MTP-3552)
Attorneys for Plaintiffs
WAUSAU UNDERWRITERS
INSURANCE COMPANY and
AXIS SPECIALTY INSURANCE
COMPANY
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, LLP

By: _____
    Andrew J. Mihalick, Esq. (AJM-3995)
Attorneys for Defendant
SCOTTSDALE INSURANCE COMPANY
69 East Jericho Turnpike
Mineola, New York 11501
(516) 742-3470

**SO ORDERED:**

_____
**Hon. Theodore H. Katz, U.S.M.J.**

9