# JAFFE & ASHER LLP
ATTORNEYS AT LAW

PLEASE REPLY TO NEW YORK OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
(212) 687-9639 (FAX)

ESTABLISHED 1974

NEW JERSEY OFFICE

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6074 (FAX)

November 20, 2007

Hon. Theodore H. Katz
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1660
New York, NY 10007-1312

      Re:   **Wausau Underwriters Ins. Co. et al. v. QBE Ins. Corp., et al.
Civil Action No. 06 Civ. 3212 (VM) (THK)**

Dear Magistrate Judge Katz:

      Our law firm represents plaintiffs WAUSAU UNDERWRITERS INSURANCE COMPANY and AXIS SPECIALTY INSURANCE COMPANY in the above-entitled civil action. I write in response to William H. Bave, Jr.'s letter of November 16, 2007 and also to provide an update of the status of the updated matter.

      As Mr. Bave notes, defendant QBE INSURANCE CORPORATION's ("QBE") appeal has been withdrawn. The problem is that Mr. Bave has also withdrawn the other statements and representations he made on behalf of QBE at the settlement conference. First, while we discussed addressing a correction of the Decision and Order of July 26, 2007 to exclude the duty to indemnify, Mr. Bave now wants us to stipulate that Judge Victor Marrero's Decision and Order did not address the priority of coverage between plaintiffs and QBE. Second, Mr. Bave has made it clear that QBE will not pay any of the defense costs, in direct defiance of Judge Marrero's Decision and Order.

      The priority of coverage between plaintiffs' policies and QBE's policy was fully addressed in our motion. Judge Marrero directly addressed the priority of coverage on pages 4-5 of his Decision and Order, in holding that QBE's "primary insurance provision governed." Mr. Bave, through his application, improperly seeks the proverbial "second bite of the apple".

      Mr. Bave's citation of <u>BP Air Conditioning Corp. v. One Beacon Ins. Group</u> misrepresents the holding of the case on the issue of priority of coverage. In the case at bar, the very language of QBE's policy, as Judge Marrero held, makes its coverage primary

Hon. Theodore H. Katz
November 20, 2007
Page 2

as compared to plaintiffs' policies.

The priority of coverage between QBE and defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale") is an issue relevant only to those two parties. It is text book law that QBE's duty to defend may not be lessened just because Scottsdale may also owe a duty to defend. As such, we do not take a position on the priority of coverage between QBE and Scottsdale.

Finally, I note that your Honor has been referred this matter only for limited purposes. Any attempt by Mr. Bave to reargue the prior motion should be directed to Judge Marrero.

Respectfully submitted,

Marshall T. Potashner (MTP-3552)

MTP:mp
cc: William H. Bave, Jr., Esq. (via ECF)
    Andrew J. Mihalick, Esq. (via ECF)