```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
WAUSAU UNDERWRITERS INSURANCE       :
COMPANY and AXIS SPECIALTY          :   06 Civ. 3212 (VM)
INSURANCE COMPANY,                  :
                                    :
                 Plaintiffs,        :   AMENDED
                                    :   DECISION AND ORDER
     - against -                    :
                                    :
                                    :
QBE INSURANCE CORPORATION and       :
SCOTTSDALE INSURANCE COMPANY        :
                                    :
                 Defendants.        :
------------------------------------x
```

**VICTOR MARRERO, United States District Court.**

By Decision and Order dated July 26, 2007 (the "Decision") the Court granted the motion for partial summary judgment of plaintiffs Wasau Underwriters Insurance Company ("Wasau") and Axis Specialty Insurance Company ("Axis") with respect to defendant QBE Insurance Corporation's ("QBE") obligation to defend two parties in the action entitled <u>John Moore v. New York City Economic Development Corp., New York City Department of Transportation, Barney Skanska Construction Company, Kel Tech Construction Inc.</u>, Index No. 13568/04, currently pending in the Supreme Court of the State of New York, County of Richmond (the "Underlying Action"). In granting partial summary judgment, the Court held that QBE had a duty to defend the two parties in the Underlying Action.

In a letter to the Court dated November 30, 2007, a copy

-1-

of which is incorporated hereto and made part of the record, QBE informed the Court that the parties were unable to agree on the effect of the Decision as it pertained to other insurers' duties to defend. The Court held a conference on December 21, 2007, and instructed the parties to submit letters indicating the open issues that they believed the Court needed to resolve.

QBE submitted a letter to the Court dated January 25, 2008, a copy of which is incorporated hereto and made part of the record, to support its contention that the Decision related solely to QBE's duty to defend, and did not abrogate the primary duty to defend of the other parties. In support of its argument, QBE states that the Decision noted Wasau and Axis's acknowledgments of coverage, but performed no comparative analysis between these coverages, and instead, addressed only the relevant QBE policy provisions. QBE also relies on footnote 4 of the Decision, which reads:

> The Scottsdale policy is not the subject of this motion ... although the Court notes that all parties should carefully examine this decision and evaluate whether similarities in analysis render any planned motions with respect to Scottsdale unnecessary.

QBE contends that its reading of the Decision is consistent with footnote 4 in that it suggests further motion practice on this issue would be unnecessary since a similar finding would be made.

-2-

Wasau and Axis replied by letter dated January 29, 2008, a copy of which is incorporated hereto and made part of the record.  The letter states that their contention is not that the Decision abrogated any duty to defend, but rather, that the Decision determined the priority of coverage.  Wasau and Axis note that Point II of their memorandum of law in support of the motion stated, "The QBE Policy Provides the Primary Insurance ... for the Underlying Action," and that QBE did not dispute this issue in its cross-motion or opposition papers or at the conference held on July 20,2007 to argue the motion and cross-motion.  Wasau and Axis contend that they did not address this issue in their reply and opposition papers, because QBE never opposed or disputed that, if QBE's policy applied, QBE's coverage was primary to that of Wasau and Axis.

The Court is mindful of the misunderstanding generated by the Decision, as each side has put forth arguments with some plausibility on the different issues each side emphasizes.  However, QBE's interpretation of the Decision more accurately reflects the Court's intent insofar as the Decision did not perform the necessary comparative analysis of the insurance policies to determine priority of coverage.  Footnote 4 was included to put other parties on notice that similar arguments as to similar provisions in other policies in all likelihood would be resolved similarly.  Specifically, while the Court

did acknowledge that QBE's policy was primary, and not excess, the Decision did not go so far as to state that QBE's policy provided <u>the</u> only primary coverage, rather than <u>a</u> primary coverage. The Decision only determined that QBE had a duty to defend the two parties in the Underlying Action, and made no determination as to the priority of coverage among other relevant insurers and their policies.

### III.  ORDER

**ORDERED** that the Court's Decision and Order dated July 26, 2007 is amended to incorporate the clarifications set forth above as part of this Order.

**SO ORDERED.**

Dated:    New York, New York
          31 January 2008

                                          Victor Marrero
                                          U.S.D.J.