# LAW OFFICES OF
# KRAL, CLERKIN, REDMOND, RYAN,
# PERRY & GIRVAN, LLP

69 East Jericho Turnpike
Mineola, New York 11501

NEW YORK OFFICE
170 Broadway
New York, New York 10038
(212) 406-9701
Fax: (212) 571-0874

(516) 742-3470
Fax: (516) 742-6243

Andrew J. Mihalick – Ext. 213
amihalick@kcrrpg.com

SUFFOLK OFFICE
496 Smithtown Bypass
Smithtown, New York 11787
(631) 2650134
Fax: (631) 2654-4289

February 22, 2008

## BY FACSIMILE ONLY – (212) 805-6382

Honorable Victor Marrero, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-25-08
```

Re:  Wausau Underwriters Ins. Co., *et al.*, v. QBE Insurance Corp., *et al.*
     Civil Action No. 06 CV 3212 (VM) (THK)
     Our File No. 111059

Dear Judge Marrero:

This firm represents Defendant Scottsdale Insurance Company ("Scottsdale") in the referenced matter. I write in response to the February 22, 2008 letter of Plaintiffs' counsel, Marshall Potashner, to Your Honor, regarding the proposed settlement of this action.

In the last paragraph of Mr. Potashner's letter, he states that "any proposed settlement . . . will address the parties respective future obligations, *and not a discontinuance.*" (emphasis added). Not only is this position, that an agreement as to the parties here sharing the cost of the defense of his clients' insureds in the underlying matter would not result in the discontinuance of this action, inconsistent with what has been proposed to, and understood by, me, it is contrary to Your Honor's remarks at the February 15, 2008 conference in this matter.

At that time, after hearing from counsel, Your Honor gave Mr. Potashner until today to advise the Court whether or not Plaintiffs were in agreement with the overall terms of the settlement proposed by counsel for Co-Defendant QBE. You also stated that, if they were, you would then issue a conditional order of dismissal, and give the parties an additional thirty days to reduce the settlement to writing.

It appears from Mr. Potashner's letter (which does not expressly state whether or not his clients have agreed to the overall terms of the proposed settlement) that his clients want Scottsdale and QBE to contribute to the defense of their insureds (an obligation that Scottsdale denies

## KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, LLP

Page 2
February 22, 2008
Honorable Victor Marrero, U.S.D.J.

it has) and yet still remain a defendant in this declaratory judgment suit. That is not a condition that my client will accept.

Scottsdale is willing to negotiate a settlement of this action in good faith, according to the terms proposed by counsel for QBE. The key terms of that included (1) a sharing, by the parties hereto, of the costs of the defense of Plaintiffs' insureds in the underlying action, (2) a complete reservation of rights by all parties here as to any indemnification obligations to Plaintiffs' insureds, and (3) the dismissal of this declaratory judgment action. We cannot agree to Plaintiffs' condition that a settlement would not result in discontinuance of this action.

Thank you for your attention to this matter. I will be available at your convenience for a conference on this matter, should you wish.

Very truly yours,

Andrew J. Mihalick

cc:     Robert B. Hille, Esq.
        fax: (908) 647-6226

        Marshall T. Potashner, Esq.
        Fax: (212) 687-9639

> It is the Court's understanding that any settlement of this action must include provision for its discontinuance in order to bring finality to the dispute and a semblance of certainty to the parties' respective rights and duties. The Court cannot maintain an action open on its docket indefinitely. The settlement, however, may provide **SO ORDERED:** that the Court retain jurisdiction for the purpose of enforcing the terms thereof, for which purpose the parties may request reopening of the case when and if so appropriate.
>
> 2-25-08          Victor Marrero, U.S.D.J.